**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**INTERNATIONAL PRINTING PRESSMEN AND ASSISTANTS' UNION OF NORTH AMERICA, AFL–CIO, Defendant.**

No. 2288.

United States District Court
E. D. Tennessee,
Northeastern Division.

March 6, 1969.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., Edward L. Weisl, Asst. Atty. Gen., Harland F. Leathers, Dept. of Justice, Washington, D. C., for plaintiff.

John S. McLellan, Kingsport, Tenn., for defendant.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff has answered 99 of 104 interrogatories served on him by the defendant. Rule 33, Federal Rules of Civil Procedure. The plaintiff has seasonably served written objections to five interrogatories, viz.: nos. 26, 51, 76, 78(d) and 78(e), and requested an oral hearing thereon at the earliest practicable time. Each of the interrogatories ob-

jected to by the plaintiff has as its purpose the eliciting of the respective sources of information given to his investigators in the course of the investigation which precipitated the commencement of this action.

Interrogatories may relate to any matters which can be inquired into under Rule 26(b), Federal Rules of Civil Procedure. Rule 33, Federal Rules of Civil Procedure. Examination is proscribed by Rule 26(b), *supra,* as to any matter which is privileged.

■■ The plaintiff, as an administrator of the federal government, has the privilege of withholding from disclosure the identity of persons who furnished information to his investigators of alleged violations of a law he is charged with enforcing. "* * * The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

"The scope of the privilege is limited by its underlying purpose. * * *

"A * * * limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity * * * is essential to a fair determination of a cause, the privilege must give way * * *." Roviaro v. United States (1957), 353 U.S. 53, 59–61, 77 S.Ct. 623, 627, 1 L.Ed.2d 639, 644–645, I, [3, 4, 8].

This is an action by the plaintiff Secretary of Labor to void the defendant's election of February 21, 1968 and to re-quire a new election of its officers under the plaintiff's supervision. 29 U.S.C. § 481 et seq. The complaint sets forth plainly the grounds the plaintiff alleges for the requested judicial action. These relate to the alleged failure of the defendant's personnel to: conduct its election by secret ballot, provide adequate safeguards to insure a fair election, give adequate notice of the election, allow some of its members in good standing to vote, preserve the ballots and election records, and conduct the election in accordance with its constitution and by-laws. The plaintiff charges further that moneys of the defendant from dues, assessment or similar levy were expended to promote the election campaigns of certain candidates therein.

Where the plaintiff's investigators received information on which the plaintiff based these allegations is irrelevant to the issues for adjudication herein. What is important is whether the plaintiff will, or will not, be able to substantiate his allegations with adequate proofs.

■ Accordingly, the Court finds and concludes that disclosure of the informers' identities requested by the defendant is not essential to a fair determination of the issues of this action, and that no reason is extant at this time for the plaintiff's privilege of withholding from disclosure such identities to be abridged. The plaintiff's objections to the afore-enumerated interrogatories hereby are

Sustained.

Decision on these objections not being determinative of this action on the merits, the Court disallows the defendant's request for an oral hearing. Local rule 12(c).