George **FENNELLY**

v.

**LOCAL 971, a/w United Rubber, Cork, Linoleum and Plastic Workers of America, AFL–CIO.**

**Civ. A. No. 74–5034–F.**

United States District Court, D. Massachusetts.

Sept. 23, 1975.

Alan J. McDonald, Grady & Kaplan, Boston, Mass., for plaintiff.

Harold B. Roitman, Segal, Roitman & Coleman, Boston, Mass., for defendant.

ORDER

FREEDMAN, District Judge.

This motion to dismiss was heard by the Court on August 18, 1975. After careful consideration of the pleadings, memoranda, and pertinent authorities, the Court orders that the motion be allowed and that the case be dismissed.

The facts underlying plaintiff's cause of action can be briefly stated. Plaintiff Fennelly is a member in good standing of defendant union, Local 971, affiliated with United Rubber, Cork, Linoleum and Plastic Workers of America ("Local 971"). The union represents the production employees of the General Tire Company, Reading, Massachusetts.

On August 25, 1974, Local 971 notified its members that nominations for officers would be held on September 15, and that an election would be held on October 9. Only two candidates were nominated: plaintiff Fennelly and the incumbent, Amirault. At the election Fennelly defeated Amirault by a vote of 83 to 72. Subsequently, the October 9 election was invalidated.[1]

New nominations were scheduled for November 3, 1974, and a new election set for November 6. Plaintiff protested this second nomination and election procedure.

Fennelly applied for a temporary restraining order on November 5, 1974 to enjoin the election; the application was denied by Chief Judge Caffrey acting as Emergency Judge.

Plaintiff was again nominated for president as was Amirault. The latter defeated plaintiff in the election of November 6 by a vote of 111 to 85. On November 14, a second motion for temporary restraining order was heard by this Court. At the hearing plaintiff

1. Plaintiff alleges that the decision to invalidate the election was that of the incumbent president, Amirault. The affidavit of Attorney Roitman, which was not countered by plaintiff, indicates that the decision was that of the International. I do not deem the resolution of the issue material to my decision today.

sought to enjoin the installation of officers scheduled for November 17. Plaintiff was unsuccessful in obtaining injunctive relief.

Fennelly's complaint, in essence, seeks to have the Court invalidate the second election and recognize the results of the earlier election in which plaintiff was victorious. Defendant advances three grounds for its motion to dismiss: (1) the Court lacks jurisdiction over the subject matter; (2) plaintiff has failed to state a claim upon which relief can be granted; and (3) plaintiff has failed to join a necessary party.

■ Plaintiff asserts jurisdiction for this suit under the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. Sec. 401 et seq. Specifically, plaintiff contends that defendant has violated 29 U.S.C. Sec. 411(a)(1) and 29 U.S.C. Sec. 481(e).

For purposes of this discussion I will first address the plaintiff's allegations under Sec. 481. This section of the statute concerns election procedures of unions; subsection (e) [2] outlines the specific requirements for nominations, eligibility for voting, and preservation of ballots. Fennelly asserts that the invalidation of the October 9 election infringes his rights under this section. The Court finds it unnecessary to reach his contentions, however, since it is clear from Sections 482 and 483 that subject matter jurisdiction is lacking.

Section 482 sets forth the procedure for enforcing the rights created by Section 481. The aggrieved party may file a complaint with the Secretary of Labor [3] who " . . . shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, he shall, . . . bring a civil action against the labor organization as an entity in the district court . . . ." 29 U.S.C. Sec. 482(b).

When a member of a labor organization wishes to challenge an election which has already been conducted, his sole remedy is the filing of a complaint with the Secretary. 29 U.S.C. Sec. 483. *Calhoon v. Harvey*, 379 U.S. 134, 140, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). The rationale for limiting a member to this remedy was succinctly stated in *Trbovitch v. United Mine Workers*, 404 U.S. 528, 532, 92 S.Ct. 630, 633, 30 L.Ed.2d 686 (1972):

> A review of the legislative history shows that Congress made suit by the

---

2. Nomination of candidates; eligibility; notice of election; voting rights; counting and publication of results; preservation of ballots and records—

(e) In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof. Not less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address. Each member in good standing shall be entitled to one vote. No member whose dues have been withheld by his employer for payment to such organization pursuant to his voluntary authorization provided for in a collective bargaining agreement shall be declared ineligible to vote or be a candidate for office in such organization by reason of alleged delay or default in the payment of dues. The votes cast by members of each local labor organization shall be counted, and the results published, separately. The election officials designated in the constitution and bylaws or the secretary, if no other official is designated, shall preserve for one year the ballots and all other records pertaining to the election. The election shall be conducted in accordance with the constitution and bylaws of such organization insofar as they are not inconsistent with the provisions of this subchapter.

3. Plaintiff filed such a complaint, but the Secretary declined to bring an action in the district court. Plaintiff then brought suit in this Court against the Secretary challenging his administrative decision—*Fennelly v. Dunlop*, Civil Action No. 75–1764–F.

Secretary the exclusive post-election remedy for two principal reasons:

(1) to protect unions from frivolous litigation and unnecessary judicial interference with their elections, and

(2) to centralize in a single proceeding such litigation as might be warranted with respect to a single election.

*See, also, Dunlop v. Bachowski,* 421 U.S. 560, 568–572, 95 S.Ct. 1851, 44 L.Ed. 2d 377 (1975).

Since the remedy for a violation of Section 481 is exclusive, this Court is without jurisdiction to entertain suits by union members for such violations.

Plaintiff further alleges that the same facts which give rise to a violation of Section 481, also amount to a violation of 29 U.S.C. Sec. 411(a)(1).[4] This section gives all members of a labor organization "equal rights and privileges" in nominations, voting, participation in meetings, etc. Section 412 gives the district court jurisdiction over suits by members for violations of these rights. *Calhoon v. Harvey, supra,* appears to foreclose jurisdiction since the allegations are more aptly construed as violations of Section 481.

We hold that possible violations of Title IV of the Act [29 U.S.C. Sec. 481 et seq.] . . . are not relevant in determining whether or not a district court has jurisdiction under § 102 of Title I of the Act [29 U.S.C. Sec. 412].

*Id.* at 139–40, 85 S.Ct. at 296.

It would seem, then, that the lack of subject matter jurisdiction obtains regardless of how plaintiff wishes to characterize the facts since he is seeking review of a union election which has already been conducted.

Even if Fennelly were able to avoid dismissal on jurisdictional grounds, his complaint would nonetheless fail under Section 411 since he has not stated a claim upon which relief can be granted. Plaintiff had the same opportunity to participate in the challenged election as did other union members. The Court is unable to see how there has been a colorable violation of equal rights.

Plaintiff's reliance on *McDonald v. Oliver,* 400 F.Supp. 660 (S.D.Miss. 1974), is misplaced. In that case there was a trusteeship question which added considerable complexity to the matter. Further, *McDonald* raised a question of ineligibility for office of the candidate whose successful election had been voided. Finally, the *McDonald* court, in distinguishing *Calhoon,* indicated that Title I (29 U.S.C. Sec. 411 et seq.) jurisdiction was conceded by defendants in that case. *McDonald v. Oliver, supra,* at 665. For that reason the court was not required to focus sharply upon the issue that this Court must decide.

In view of my rulings on the first two grounds of the motion to dismiss, I find it unnecessary to reach defendant's contentions with respect to indispensable parties.

Plaintiff's counsel suggested at the hearing that rather than dismiss the action the Court should consolidate it with plaintiff's suit against the Secretary—Civil Action No. 75–1764–F. See n. 3, *supra.* To do so would be to ignore one of the principal reasons for the exclusivity of the Sec. 482 remedy as outlined by the *Trbovitch* court: " . . . to protect unions from frivolous litigation and unnecessary judicial interference with their elections . . . ." *Id.,* 404 U.S.

---

4. Section 411. Bill of rights; constitution and bylaws of labor organizations

(a)(1) Equal rights.—Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or refer-endums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

at 532, 92 S.Ct. at 633. I decline the invitation to consolidate the cases.

In accordance with the foregoing, it is ordered that the complaint be dismissed.