William J. USERY, Secretary of Labor, Plaintiff-Appellant,

v.

LOCAL UNION 720, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, Defendant-Appellee.

No. 76–1055.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 16, 1976.

Decided Jan. 3, 1977.

Rehearing Denied Jan. 21, 1977.

Neil H. Koslowe, Washington, D. C. (Rex E. Lee, Asst. Atty. Gen., Washington, D. C., James L. Treece, U. S. Atty., Denver, Colo., Leonard Schaitman, Atty., Dept. of Justice, Civ. Div.-Appellate Section, Washington, D. C., on the brief), for plaintiff-appellant.

Alan A. Armour, Denver, Colo. (Hoffman, Goldstein, Armour & Lonnquist, P. C., Denver, Colo., on the brief), for defendant-appellee.

Before SETH, BREITENSTEIN and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The question is whether in an enforcement action under the Labor-Management Reporting and Disclosure Act of 1959, LMRDA, 29 U.S.C. § 401 et seq., the Secretary of Labor has a privilege not to reveal the identities and statements of informants. The Secretary objected to certain interrogatories propounded by the defendant Union and asserted that the information sought was privileged. The court overruled the

objection and ordered the Secretary to answer. He declined to do so. On the motion of the defendant, the court dismissed the action and the Secretary has appealed. We reverse.

On June 8, 1974, the Union, which is based in Denver, Colorado, had an election of officers. The election was subject to the provisions of Title IV of LMRDA, 29 U.S.C. § 481 et seq. Twelve union members filed a complaint with the Secretary protesting the election. See 29 U.S.C. § 482(a). The Secretary made an investigation, see 29 U.S.C. § 521, and found cause, see 29 U.S.C. § 482(b), to believe that violations of Title IV of the Act had occurred and had not been remedied. He then filed the instant action which seeks nullification of the election and direction of a new election. Section 482(b), 29 U.S.C. confers federal jurisdiction.

The answer of the defendant Union contains admissions and denials and asserts affirmative defenses. The Union submitted interrogatories to the Secretary who answered some and claimed privilege as to others. The answers of the Secretary disclosed that he claimed two violations of LMRDA: (1) "defendant's provision of only one polling place, and the failure to provide absentee ballots, denied members in good standing the right to vote for candidates of their choice", see 29 U.S.C. § 481(e), and (2) "the expenditure of $492.04 of defendant's funds to promote the candidacy of certain persons", see 29 U.S.C. § 481(g).

The Secretary objected to five interrogatories on the ground that they called for privileged information in that answers would disclose the identity of confidential informants. The court overruled the Secretary's objections and ordered him to answer. He declined to do so. On motion of the defendant, the court dismissed the action.

■ The government is privileged to withhold from disclosure the identities of persons furnishing information of law violations to law enforcement officers. *Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639. "The purpose of

the privilege is the furtherance and protection of the public interest in effective law enforcement." Ibid. The principle applies in both civil and criminal actions. *Westinghouse Electric Corp. v. City of Burlington, Vermont,* 122 U.S.App.D.C. 65, 351 F.2d 762, 769. We have joined four other circuits in recognizing a qualified privilege to protect the identity of informants in actions under the Fair Labor Standards Act, FLSA. See *Usery v. Ritter,* 547 F.2d 528, opinion filed simultaneously with this opinion, and cases there cited.

The Union asserts that the decisions under the FLSA are not applicable because they are concerned with employer-employee relationships where the possibility of retaliation is present. Union reprisal against its members is within the realm of possibility. See e. g., *Robins v. Schonfeld,* S.D.N.Y., 326 F.Supp. 525, 528–529. FLSA proscribes retaliatory acts. See 29 U.S.C. § 215(a). Although LMRDA contains no comparable provision, Union says that the members are adequately protected by the "BILL OF RIGHTS OF MEMBERS OF LABOR ORGANIZATIONS", 29 U.S.C. §§ 411–415.

■ Be that as it may, the overriding concern is the public interest in law enforcement. Anonymity of informants encourages communications to law enforcement officers. As said in *Roviaro,* 353 U.S. at 62, 77 S.Ct. at 629: "The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense."

We are aware of no appellate decisions which have considered whether the Secretary is privileged to refuse to identify informants in LMRDA proceedings. Two district court cases have recognized and upheld the privilege. See *Wirtz v. International Print. P. & A. U. of N. A., AFL–CIO,* E.D.Tenn., 47 F.R.D. 58, and *Goldberg v. Machinists, District Lodge 70,* D.Kan., 45 CCH Lab.Cas. ¶ 17,799 at 27,409.

The Union makes much of its rights of discovery under the applicable Federal Rules of Civil Procedure. We recognize

those rights. They must be balanced against the privilege claimed by the government. The privilege is not absolute but qualified. See *Usery v. Ritter,* supra, and cases there cited. The government's interest in confidentiality must be weighed against the defendant's need for disclosure in the preparation of its defense. See *Brennan v. Engineered Products, Inc.,* 8 Cir., 506 F.2d 299, 303.

■ The proceedings are at the discovery stage. The government is willing to provide information which would not reveal the identities of informants and to make disclosure with regard to informants who waive confidentiality. The government recognizes that at an appropriate time, probably in connection with a pre-trial order, it must list its witnesses. The Union states its needs in conclusory and conjectural terms. The issues are simple—whether the Union provided adequate means for its members to express their choices at the election and whether funds of the Union were used to promote the candidacies of particular persons. The facts pertaining to each are within the knowledge of the Union. Absent extraordinary circumstances not here present, the evidentiary rule recognizing a qualified privilege applies in preliminary proceedings not determinative of the merits of a controversy. See *McCray v. Illinois,* 386 U.S. 300, 312, 87 S.Ct. 1056, 18 L.Ed.2d 62. We are not presented with any problem arising from the listing of witnesses in a pre-trial order.

■ The failure of the Union to show a substantial need for the requested breach of confidentiality at the discovery stage tips the scales in favor of the government. The trial court's reliance on *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039, is misplaced. That case was concerned with executive privilege arising from the constitutional enumeration and separation of powers. Ibid. at 703, 94 S.Ct. 3090. The withholding of an informant's identity is an evidentiary, rather than executive, privilege. See *Mitchell v. Bass,* 8 Cir., 252 F.2d 513, 516–517. In the case at bar the Secretary claims an evidentiary, not an executive, privilege.

 The Union argues that discovery orders are discretionary with the trial court. We agree. The difficulty is that the trial court flatly rejected the government's claim of privilege. It did not balance the government's qualified privilege against the need of the Union at the discovery stage of the proceedings. Failure to recognize the government's qualified privilege and to balance it against the needs of the Union was an abuse of discretion.

Reversed and remanded for further proceedings in the light of this opinion.