John F. RYAN, Plaintiff-Appellant,

v.

Charles D. HATFIELD,
Defendant-Appellee.

No. 77–1961.

United States Court of Appeals,
Tenth Circuit.

Submitted on Briefs May 4, 1978.

Decided June 13, 1978.

Daniel D. Sullivan, Andrews, Tex., for plaintiff-appellant.

Robert J. Woolsey of Farmer, Woolsey, Tips & Gibson, Tulsa, Okl., for defendant-appellee.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is a Calendar C case.

The present appeal questions the authority of the United States District Court for the Northern District of Oklahoma to restrict the scope of discovery and to award

attorney's fees to a defendant in a case which was allegedly brought and pursued by the plaintiff in bad faith.

The action sought damages for interference with an advantageous relationship, the employment of plaintiff with the Occidental Petroleum Corporation. It was alleged that defendant-appellee was a shareholder in two Venezuelan corporations which were engaged in oil field service. A further allegation was that plaintiff was employed by Occidental Petroleum Corporation as its general manager at the times in question, namely, between July 1973 and April 1974, at which times he was responsible for Occidental's contracting with service companies other than those in which the defendant owned an interest. The unlawful means allegedly used by defendant to prevent the Occidental Company from dealing with the plaintiff's corporation consisted of the slandering of the plaintiff by defendant, the object of the slander being to prevent plaintiff from continuing contractual relations with the Occidental Company.

The event which gave rise to the present litigation was the taking by plaintiff of the deposition of defendant. The defendant refused to answer a number of questions. This was on the advice of his counsel that the answers might tend to incriminate him in a prosecution for bribery of government officials, which prosecution was then pending in Venezuela. A further reason for the advice of counsel was that the questions were irrelevant to the cause in the Northern District of Oklahoma. Following defendant's refusal to answer the questions, plaintiff filed a motion to compel answers. The district court overruled some of the questions in issue, those having to do with time periods prior to the beginning of plaintiff's employment by Occidental and ordered answers to be given to questions regarding later periods.

Following these rulings, the plaintiff abandoned his efforts to obtain the defendant's answers to the questions as to which the trial court had granted relief. Neither the plaintiff nor his counsel appeared at the pretrial hearing, and they informed defense counsel that due to the limitations on discovery they would have no objection to dismissal of their action, whereupon the trial court granted the defendant's motion to dismiss without prejudice for failure to prosecute.

The further occurrence which created an issue was the filing by the defendant of a motion to assess attorney's fees and court costs. This motion was granted, and the attorney's fees were fixed in the amount of $5,000 together with costs. The court made a finding that the action had been prosecuted in bad faith since it had been brought for the purpose of obtaining defendant's testimony for use in another cause of action brought by the plaintiff against several other parties having to do with the termination of his employment at Occidental.

The first question is whether the trial court erred in refusing to compel defendant's deposition testimony which sought information that had occurred prior to the plaintiff's employment with Occidental. This relevancy issue is based on Fed.R. Civ.P. 26(b), which provides in part:

Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . . .

The discretion of the trial court is clearly recognized by the rule.

█ The cases uniformly recognize the trial court's authority in this area. See *Silkwood v. Kerr-McGee Corp.,* 563 F.2d 433, 436 (10th Cir. 1977); *Usery v. Local 720, Laborers' International Union,* 547 F.2d 525, 528 (10th Cir.), *cert. denied,* 431 U.S. 938, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977). Also, the question of relevancy is one of discretion of the trial court. *See, e. g., Perel v. Vanderford,* 547 F.2d 278, 280 (5th Cir. 1977).

█ The remaining discovery inquiry is whether any indication of abuse of discretion is present. There is no such abuse.

Next we consider whether the trial court erred in the award of attorney's fees following dismissal for failure to prosecute. Ordinarily, of course, attorney's fees are not granted in the absence of a contract or statute authorizing the same. There is an exception to this. It is found in equity jurisprudence. The power to award such fees "when the interests of justice so require" is there recognized. A situation in which attorney's fees are permissible is where the opponent in litigation has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Hall v. Cole*, 412 U.S. 1, 4–5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973); 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.77[2], at 1709 (2d ed. 1976); *cf. Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 n. 4, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). Here again the trial court has discretion and will be reversed only in circumstances which do not show a reasonable ground for the conclusion that vexatiousness existed. *In re Boston & Providence Railroad Corp.*, 501 F.2d 545, 549–50 (1st Cir. 1974). An additional source of support for the award of fees is Fed.R.Civ.P. 41(a)(2), which authorizes dismissal "upon such terms and conditions as the court deems proper." *See* J. Moore, J. Lucas & J. Wicker, 5 *Moore's Federal Practice*, ¶ 41.06 (2d ed. 1977). Added support is provided by the fact that the action is dismissed without prejudice. *See Mobile Power Enterprises, Inc. v. Power Vac, Inc.*, 496 F.2d 1311, 1312 (10th Cir. 1974).

 We conclude that the evidence is adequate to justify the trial court's finding that the action was brought in bad faith. The defendant's Venezuelan lawyer testified that plaintiff had given testimony before a Venezuelan investigating committee as to why he had been fired by Occidental. In that testimony there was no mention of Hatfield's having had a role in the firing. Plaintiff also told the investigating committee that he had brought the instant suit for the purpose of obtaining Hatfield's testimony for use in his pending action against other corporate officials. This statement of reason for bringing the action is corroborated by the broad scope of attempted discovery and also by the fact that the action was abandoned when the discovery effort failed. We conclude that the trial court was justified in deciding that attorney's fees were to be awarded.

The judgment of the trial court is affirmed.