**Bruce MONTGOMERY,
Plaintiff-Appellant,**

v.

**YELLOW FREIGHT SYSTEM, INC.,
Defendant-Appellee.**

No. 81–1219.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 3, 1982.

Decided Feb. 22, 1982.

Jim Grennan of Grennan, Faulkner & Koenig, Oklahoma City, Okl., for plaintiff-appellant.

Mona S. Lambird, Oklahoma City, Okl. (with Salley E. Scott, Oklahoma City, Okl., on the brief), of Andrews, Davis, Legg, Bixler, Milstein & Murrah, Oklahoma City, Okl. (and with Daniel L. Hornbeck, Overland Park, Kan., on the brief), for defendant-appellee.

Before McWILLIAMS, McKAY and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

Bruce Montgomery brought this employment discrimination suit against his former employer, Yellow Freight System, Inc., alleging that he was terminated because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. In detailed findings of fact and conclusions of law, the trial judge found for Yellow Freight and entered judgment in its favor. Mr. Montgomery now appeals that judgment.

Appellant was employed on the graveyard shift as a mechanic in the Yellow Freight relay terminal near Oklahoma City. The company's tractor-trailer trucks stopped at this station for servicing during long hauls across the country. The duties of a mechanic were primarily to service the trucks as rapidly as possible so the drivers could continue their journey.

The undisputed facts reveal that appellant was fired when he was caught sleeping in a truck one night during his shift. During the time appellant was asleep, trucks were lined up for servicing and appellant could not be located by his co-workers or the dispatcher. Therefore, he was unavailable for work, which is considered a theft of the employer's time and constitutes a dischargeable offense without notice under the union contract. Appellant's discharge was reviewed in accordance with the grievance procedures of the union contract and found to be justified.

Appellant argues that the real cause for his dismissal was that the terminal supervisor did not like blacks, as evidenced by the fact that he once made a disparaging remark about that race. In effect, appellant claims that the sleeping incident was used as a pretext to fire him because he was black. Appellant asserts that the burden was on Yellow Freight to prove that he would have been fired regardless of his race. The Supreme Court, however, has made it clear that the ultimate burden remains with the employee to demonstrate that the employer's stated reasons for termination are only pretextual and that he has indeed been the victim of discrimination. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981).

After a full trial on the merits, the district court judge determined that the evidence supported a nondiscriminatory, nonpretextual reason for appellant's dismissal. The findings of the trial court must be upheld on appeal unless they are clearly erroneous. *See, e.g., Francia v. White,* 594 F.2d 778, 782 (10th Cir. 1979); *Volis v. Puritan Life Insurance Co.,* 548 F.2d 895, 901 (10th Cir. 1977). Taken as a whole, we believe the evidence in this case supports the trial judge's findings.

On cross-examination appellant stated that on the whole he had been fairly treated by his co-workers and the supervisory personnel, although he believed he had been reprimanded for being late to work when his fellow non-black employees had not. There was disputed evidence that on one occasion the dispatcher found three mechanics (including appellant) asleep in the parts room, but did not fire them. It is not clear whether the three were actually asleep, but at any rate, the mechanics were allowed to take a break in the parts room, where they could be reached by intercom when there was work to be done. Thus, even if the three were actually found asleep, this situation differs from the one that precipitated appellant's dismissal in that he was away from the service bays and was unavailable for work at a time when there was work to be done. Every Yellow Freight employee that testified at trial said he believed he would have been fired for sleeping on the job. Furthermore, the evidence does not indicate that the supervisor who allegedly was prejudiced against blacks was involved in appellant's dismissal. Other supervisory personnel initiated and approved the termination.

Appellant complains that Yellow Freight did not introduce evidence that other non-black employees had been summarily fired for sleeping on the job. However, the Supreme Court has stated that "it is the plaintiff's task to demonstrate that similarly situated employees were not treated equally." *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207 (1981), citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973).

■ Our review of the record convinces us that appellant failed to carry his burden of proving that Yellow Freight's stated reason for terminating him was merely pretextual and that the real reason for his dismissal was his race. There was ample evidence that appellant was fired for a legitimate reason, sleeping on the job. Therefore, we conclude that the court did not err in finding for the defendant on this issue.

■ Appellant also argues that the district court should not have awarded costs to the defendant in this case. Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." The award of costs is within the discretion of the trial court, *Homestake Mining Co. v. Mid-Continent Exploration Co.,* 282 F.2d 787, 804 (10th Cir. 1960), and the record in this case does not reveal any exceptional circumstances that warrant a departure from the general rule that costs shall be paid by the losing party.

■ Appellee seeks attorneys' fees for this appeal. Reasonable attorneys' fees may be awarded to the prevailing party in this type of action. 42 U.S.C. § 2000e–5(k).

**414**

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court stated that a court, in the exercise of its discretion, may award attorneys' fees to a prevailing defendant in a Title VII action upon finding that the plaintiff's claim was brought in bad faith or was frivolous, unreasonable, or without foundation. *Id.* at 422, 98 S.Ct. at 700. The fact that plaintiff did not prevail does not necessarily mean that these criteria are met. *Id.* In order to penalize the plaintiff with attorneys' fees, we must be persuaded that the record is devoid of any evidence of discrimination. There was some evidence of disparate treatment in the record, although it was not sufficient for plaintiff to prevail. Therefore, the record in this case does not persuade us that plaintiff's action in appealing this suit was frivolous, unreasonable, without foundation or in bad faith so as to justify awarding attorneys' fees to defendant.

The order of the district court is AFFIRMED.