Katherine J. LUCAS, Plaintiff,

v.

The AETNA CASUALTY AND SURETY COMPANY, Defendant.

No. 80–C–962.

United States District Court,
D. Colorado.

Dec. 13, 1982.

Katherine J. Lucas, pro se.

Kenneth R. Stettner, Stettner, Miller & Cohn, P.C., Denver, Colo., for defendant.

## ORDER

CARRIGAN, District Judge.

Defendant has filed a motion seeking to recover attorneys' fees incurred in defending this action. Plaintiff commenced this action July 23, 1980, seeking damages for alleged violations of, *inter alia,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.,* and the Civil Rights Act of 1866, 42 U.S.C. Section 1981 *et seq.* Jurisdiction is founded on 42 U.S.C. Section 2000e–5(f) and 28 U.S.C. Section 1343.

The Magistrate ordered the plaintiff to be present personally at a pre-trial conference scheduled for March 26, 1982. Plaintiff's attorney subsequently moved to continue the pre-trial conference, stating he had been unable to contact the plaintiff. At the rescheduled pre-trial conference, the plaintiff failed to appear, and her attorney informed the Magistrate that the plaintiff had failed to answer the messages that he had left for her.

The parties subsequently were ordered to submit status reports, and the defendant diligently submitted its report on May 11, 1982. Plaintiff has never submitted a status report or otherwise responded to this order.

Trial was set to commence June 10, 1982. On June 7, 1982, the defendant submitted the required proposed findings of fact, conclusions of law, and witness and exhibit lists. Plaintiff failed to file any of the trial documents normally required. Nor did she tender any explanation or excuse for disregarding this order.

On June 8, 1982, the plaintiff's counsel filed a motion to vacate the June 10, 1982, trial date. This motion stated that the plaintiff repeatedly had refused to cooperate with her attorney. Defendant opposed the motion, stating it was fully prepared for the June 10, 1982, trial. Plaintiff was ordered to appear before the Court on the afternoon of June 8, 1982, and on the basis of the plaintiff's assurances at that time

that she indeed desired to proceed with her suit, and would cooperate with her counsel, the trial date was vacated to allow her an opportunity to be prepared for trial.

On July 6, 1982, plaintiff's counsel moved to withdraw, stating that his client still refused to cooperate with him. Plaintiff was present in open court when this motion was heard and she stated that she had no objection to her attorney's withdrawing. I granted the motion to withdraw and admonished the plaintiff that failure diligently to prosecute her action would result in my dismissing it.

It soon became apparent that the plaintiff's course of conduct had been, and was continuing to be, calculated to employ the litigation process to vex, harass and inflict expense upon the defendant, rather than to seek resolution of any legal wrong. In summary, I find that the plaintiff unreasonably, frivolously and vexatiously:

1. failed to file the required pre-trial documents;

2. failed to keep the Court apprised of the status of the case;

3. failed to cooperate in good faith with her attorney;

4. failed to try to retain counsel after consenting to her attorney's withdrawal; and

5. directly or indirectly, and repeatedly, caused defense counsel to be misled into believing that she was going to proceed to trial, that she was in the process of retaining counsel, and the defendant should expend money and effort in trial preparation.

Further, I find that the defendant continued to proceed diligently filing pre-trial documents, apprising the court of the status of the case, and repeatedly trying to communicate with the plaintiff or her attorney.

On several occasions, the defendant moved to dismiss the action for failure to prosecute, but I denied those motions because of the plaintiff's repeated assertions that she wanted to proceed with her action. It has become obvious that none of the plaintiff's statements were truthful or made in good faith.

Following the plaintiff's earlier motion to continue the trial, a new trial date had been set for September 7, 1982. On September 7, 1982, the defendant and its witnesses appeared in Court ready to proceed with the trial. Plaintiff was not present nor was any attorney present to represent her. Defendant again moved to dismiss the action for failure to prosecute, and I granted the motion.

The Civil Rights Acts are powerful vehicles for redressing deprivations of fundamental human rights. I have presided over numerous civil rights actions in which plaintiffs have diligently prosecuted their actions and recovered substantial awards and attorneys' fees. A thorough review of the record in the instant case, however, demonstrates that these salutory remedies may be subjected to abuse and become a vehicle for inflicting injustice unless courts vigilantly guard against such perversion of their purpose. This plaintiff repeatedly assured the Court and the defendant that she would diligently prosecute her action. Her assurances proved worthless. Her actions and omissions have repeatedly and vexatiously harassed and imposed expenses on her former employer, the defendant. I conclude that this was her purpose and that she has sought to use this Court to get even for some private grievance against her former employer.

Defendant has moved to recover its attorney's fees. A prevailing party in a civil rights action may be awarded its attorneys' fees in addition to the usual costs if the Court finds that the plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." 42 U.S.C. Section 2000e–5(k); *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). From the plaintiff's dilatory and irresponsible actions in the instant I find that she knew at an early stage of this litigation that her Title VII claim was unreasonable and groundless, yet she continued to press her claim long after she realized it was without merit. I conclude that the defendant is entitled to an award of attorneys' fees under this provision.

Alternatively, the defendant seeks to recover its attorneys' fees under 42 U.S.C. Section 1988. This section also allows an award of attorneys' fees to the prevailing party. *See Bowers v. Kraft Foods Corp.,* 606 F.2d 816 (8th Cir.1979). I find and conclude that the defendant is entitled to its attorneys' fees pursuant to section 1988 as well.

Defendant is also entitled to its attorneys' fees pursuant to Fed.R.Civ.P. 54(d) and 41(a)(2). An award of attorneys' fees pursuant to these sections and my inherent equitable power is permissible. *Ryan v. Hatfield,* 578 F.2d 275 (10th Cir.1978); *see also Montgomery v. Yellow Freight Systems, Inc.,* 671 F.2d 412 (10th Cir.1982). I find and conclude that the plaintiff's action was frivolously, groundlessly, and vexatiously maintained and that she failed to prosecute it diligently.

Counsel for the defendant has submitted an affidavit listing the hours worked and hourly rates for the attorneys who represented the defendant. I have reviewed both the number of hours and the hourly rates, and I find both to be reasonable. The attorneys' fees total $20,546.25.

Accordingly,

IT IS ORDERED that the defendant's motion for an award of attorneys' fees is granted. The defendant is entitled to recover $20,546.25 in attorneys' fees from the plaintiff, in addition to the other costs of this action.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter an amended judgment in this action to incorporate this award of attorneys' fees into the judgment.

DATED at Denver, Colorado, this 13th day of December, 1982.