Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

TEAMSTERS UNION LOCAL 25, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Defendant.

Civ. A. No. 83–1848–N.

United States District Court, D. Massachusetts.

Oct. 31, 1984.

Robert A. Yetman, Senior Trial Atty., U.S. Dept. of Labor, Boston, Mass., for plaintiff.

James T. Grady, Grady, Dumont & Dwyer, Boston, Mass., for defendant.

### ORDER ON DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

JOYCE LONDON ALEXANDER, United States Magistrate.

In an action instituted by the Secretary of Labor ("Secretary") under Title IV of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 481 *et seq.*, ("LMRDA"), defendant Teamsters Union Local 25 ("Teamsters") has moved to compel the Secretary to produce certain documents. Specifically, the Teamsters want the Secretary to produce, pursuant to Fed. R.Civ. 37(a)(2), the following:

1. Any statement, memorandum or correspondence from Thomas D. Foley, ... to the Plaintiff or representative thereof.

2. Any documents pertaining to recording, commenting upon, discussing or in any way memorializing any conversations or telephone discussions with, by or between said Thomas D. Foley and representatives of the Plaintiffs; and

3. Any documents by which the Plaintiff is informed and which provides the basis for the Plaintiff's belief that a violation of Title IV of the Act (29 U.S.C. § 481 *et seq.*) occurred relating to the outcome of the election of officers of the Defendant held on November 20, 1982.

The Secretary opposes the motion on three separate grounds: 1) the requested documents are protected by the attorney-client privilege; 2) the documents are protected attorney work-product; or 3) the documents are protected by the deliberative process privilege.

After a hearing on the motion and a thorough review of the memoranda filed and relevant case law, the Court has determined that the documents in question are protected by the attorney-client privilege and therefore, the defendant's motion must be denied.[1]

The Secretary commenced an investigation of Teamsters Local 25 pursuant to Section 601 of the LMRDA, 29 U.S.C. § 521 after receiving a complaint on or about October 18, 1982 from Thomas D. Foley

---

**1.** In that this issue is decided on the basis of attorney-client privilege, the Court need not reach the remaining grounds asserted by the Secretary.

concerning Mr. Foley's removal as a nominee for president of Local 25. On June 24, 1983, the Secretary filed suit in accordance with Section 402(b) of the LMRDA, 29 U.S.C. § 482(b). The Teamsters properly filed an answer to the complaint and proceeded with discovery. On March 8, 1984, the Teamsters conducted a deposition of Mr. Foley and after the deposition filed a request for production of documents. The Secretary produced all of the requested documents save for two items: 1) handwritten notes prepared by a Department of Labor ("DOL") attorney relating to a conversation between the attorney and Mr. Foley; and 2) a handwritten letter from Mr. Foley addressed to the aforementioned attorney dated January 9, 1984. The instant motion to compel is directed towards those two items.

The Secretary contends that since Mr. Foley's exclusive remedy is to have the DOL file suit and Mr. Foley has not chosen to intervene in that suit, the DOL's attorneys become Mr. Foley's attorneys, *a fortiori*, the attorney-client privilege applies.

The Teamsters contend that there is no attorney-client relationship present; at the most, Mr. Foley is simply the Secretary's complaining witness. Furthermore, the Teamsters contend that the Secretary's duty lies in the public interest and not in the representation of Mr. Foley.

■ The exclusivity of Mr. Foley's remedy is not in question here. It is well settled that after an aggrieved member has exhausted internal union procedures,[2] his sole recourse is to file a complaint with the Secretary. *See Calhoon v. Harvey*, 379 U.S. 134, 140, 85 S.Ct. 292, 296, 13 L.Ed.2d 190 (1964); *Fennelly v. Local 971*, 400 F.Supp. 375, 376 (D.Mass.1975); 29 U.S.C. § 483. A union member has no right to a private action in an election dispute under the LMRDA § 403. *Trbovich v. Mine Workers*, 404 U.S. 528, 531, 92 S.Ct. 630,

632, 30 L.Ed.2d 686 (1972); *Calhoon*, 379 U.S. at 140, 85 S.Ct. at 296.

The question of whether an attorney-client relationship exists rests on the actions of Mr. Foley. The Supreme Court has stated that in LMRDA violation cases, the Secretary bears two responsibilities: a guardian of the "vital public interest in assuring free and democratic union elections that transcends the narrower interest of the complaining union member ...," and "the [complaining] union member's lawyer...." *Trbovich*, 404 U.S. at 539, 92 S.Ct. at 636 (quoting *Wirtz v. Glass Bottle Blowers Assn.*, 389 U.S. 463, 475, 88 S.Ct. 643, 650, 19 L.Ed.2d 705 (1968)). The Court acknowledged that these duties are "distinct interests, which are related, but not identical." *Trbovich*, 404 U.S. at 538, 92 S.Ct. at 636. If Mr. Foley ascertains that his interests are the same as the public interests alluded to by the Supreme Court, then the Secretary's legal staff becomes Mr. Foley's *de facto* lawyers.

■ This conclusion is buttressed by the rule announced in *Trbovich v. Mine Workers, supra.* If the union member who initiated an enforcement proceeding by the filing of a complaint with the Secretary has "a valid complaint about the performance of 'his lawyer'," he may intervene in the enforcement suit. *Trbovich*, 404 U.S. at 539, 92 S.Ct. at 636. Mr. Foley seems content and satisfied with the performance of the Secretary's legal staff, and has accepted said staff as his own lawyers. "A professional relationship [of attorney-client] is not dependent upon payment of fees nor ... upon the execution of a formal contract." *Westinghouse Electric Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1317 (7th Cir.) *cert. denied* 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (1978).

The attorney-client privilege does apply "in the governmental context ..." *Jupiter Painting Contracting Co. Inc. v. United States*, 87 F.R.D. 593, 598 (E.D.Pa.1980);

---

**2.** The Secretary has asserted and the Teamsters have not disputed that Mr. Foley did in fact attempt to use internal union procedures to dispute the election. However, the Teamsters have yet to act upon Mr. Foley's complaint and therefore he has met the prerequisites of 29 U.S.C. § 482(a).

and if the privilege applies to Mr. Foley's situation,[3] this Court must deny the Teamsters' motion.

 On oral argument, the Teamsters sought to demonstrate that Mr. Foley did not meet the criteria to assert the privilege because he was not a true client of the Secretary's legal staff and even if he were a client, he had waived the privilege. The Court is not persuaded by either argument. First, as discussed, *supra*, the Court is of the opinion that the DOL's lawyers are in fact Mr. Foley's lawyers. *See Trbovich*, 404 U.S. at 539, 92 S.Ct. at 636; *Wirtz v. Laborer's Union*, 389 U.S. 477, 482 fn. 6, 88 S.Ct. 639, 642 fn. 6, 19 L.Ed.2d 716 (1968). Second, the Teamsters argument as to waiver is flawed. The union relies on a letter dated February 25, 1983 it received from the Secretary through discovery. The letter is the original communication from Mr. Foley to the DOL, i.e., it is his letter of complaint. The Teamsters assert that since they have this letter, Mr. Foley has waived any privilege that he may have been able to claim. However, pursuant to the LMRDA § 402, 29 U.S.C. § 482(a), Mr. Foley was required *by law* to write the letter in question. Surely, it would be an anomalous circumstance to deny Mr. Foley the attorney-client privilege for the sole reason that he followed the letter of the law. Moreover, the letter itself is not privileged in that said letter constitutes the factual basis of the complaint. ·Clearly, the defendant was entitled to know the underlying basis of the complaint lodged against it.[4]

Accordingly, in light of the aforementioned, this Court finds that the Secretary's legal staff is representing Mr. Foley in the present action. Furthermore, the attorney-client privilege does apply to this situation; and, therefore, the documents sought are privileged material. *A fortiori*, the Teamsters' motion is hereby DENIED.

---

3. The privilege applies if: 1) the person asserting it was or sought to be a client; 2) the person to whom the communication was made was a lawyer and in connection with the communication acted as a lawyer; 3) the communication relates to a fact communicated for the purpose of securing assistance in some legal proceeding; and 4) the privilege has not been waived. *Connelly v. Dun & Bradstreet, Inc.*, 96 F.R.D. 339, 341 (D.Mass.1982).

4. The Court notes, however, that the Secretary could have chosen not to produce the February 25th letter under the "informant's identity" privilege. *Usery v. Local Union 720 Laborers' Intern. Union*, 547 F.2d 525, 527 (10th Cir.1977) *cert. denied* 431 U.S. 938, 97 S.Ct. 2649, 53 L.Ed.2d 255. Since the Secretary did produce the letter, a claim of privilege based on the nondisclosure of the identity of an informant could not be asserted. However, the waiver of the informant privilege has no bearing on the question of attorney-client privilege. The defendant was entitled to view the letter unless the Secretary had a need to protect Mr. Foley's identity. *See Usery*, 547 F.2d at 528 (a balance must be struck between the government's interest in confidentiality of informants identity and the defendant's need for disclosure). Since there was no need to protect Mr. Foley's identity in this case, the Secretary could not have legitimately withheld the document; and the production of the February 25th letter cannot be viewed as compromising the attorney-client privilege. The Secretary simply did what had to be done.