William B. GORMIN, Individually and on behalf of others similarly situated, Plaintiffs,

v.

BROWN–FORMAN CORPORATION, Defendant.

Jack A. ADAMS, et al., Plaintiffs,

v.

BROWN–FORMAN CORPORATION, Defendant.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

BROWN–FORMAN CORPORATION, Defendant.

Nos. 88–1036–CIV–T–15C, 88–1185–CIV–T–17B, 89–1331–CIV–T–15C.

United States District Court, M.D. Florida, Tampa Division.

Aug. 16, 1990.

Edward E. Fessenden, Jr., and Allen M. Blake, Tampa, Fla., and Norman B. Smith, Smith, Patterson, Follin et al., Greensboro, N.C., Gerald S. Kiel, J. Kenneth L. Morse, Debra M. Lawrence, E.E.O.C., Baltimore, Md., for plaintiffs.

Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, Tampa, Fla., and Kenneth J. McCulloch, Kramer & Levin, New York City, and J. Craig Peyton, Weinberg & Green, Baltimore, Md., for defendant.

## ORDER

ELIZABETH A. JENKINS, United States Magistrate.

THIS CAUSE comes on for consideration of Plaintiff Equal Employment Opportunity Commission's ("EEOC") Emergency Motion for Protective Order to Prohibit the Deposition of John Saputo Without the Presence of EEOC Counsel (Dkt. 155) and Plaintiff Equal Employment Opportunity Commission's ("EEOC") Emergency Motion to Compel Defendant's Compliance With Rule 4–4.2 of the Florida Rules of Professional Conduct (Dkt. 156). By order dated June 28, 1990 (Dkt. 158), the undersigned stayed the scheduled deposition of John Saputo pending a response by defendant and further order of the court.

Plaintiff's motion for protective order complains that the subpoena for Mr. Saputo's deposition was sent directly to the witness and not to EEOC counsel. The EEOC also complains, after having learned of the deposition subpoena from Mr. Saputo, that defendant refused to reschedule Mr. Saputo's deposition when EEOC counsel stated it could not attend on the scheduled date to act as Mr. Saputo's counsel.

Plaintiff's motion to compel compliance with Rule 4–4.2, Florida Rules of Professional Conduct [1] seeks an order preventing defendant from sending deposition subpoenas to individuals listed as aggrieved employees in the EEOC's complaint in this enforcement action. The EEOC asserts that it has an attorney-client relationship with each of these 61 employees and, therefore, contact with them through the issuance of deposition subpoenas violates the rule of professional conduct which prohibits direct communication with an individual whom the adversary knows to be represented by counsel.[2]

Defendant now states, in a footnote to its Response to EEOC's Motion to Establish an Attorney–Client Relationship and Compel Defendant to Recognize it (Dkt. 169), that, in light of Mr. Saputo's affidavit in which he acknowledges that he desires EEOC counsel to represent him, Brown–Forman will communicate with Mr. Saputo only through EEOC counsel. The undersigned presumes, therefore, Brown–Forman will not object to the presence of EEOC counsel at Mr. Saputo's deposition. Accordingly, the EEOC's motion for protective order regarding Mr. Saputo's deposition is DENIED as moot. Defendant may re-notice Mr. Saputo for deposition, consistent with the foregoing discussion.

With regard to EEOC's motion to compel compliance with Rule 4–4.2, Florida Rules of Professional Conduct, the conflict goes to the heart of the EEOC's role in litigating claims of employment discrimination

---

[1] Rule 4–4.2, Florida Rules of Professional Conduct states as follows:

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.

[2] The EEOC has also complained that defendant sent deposition subpoenas directly to an EEOC employee, Dan McGuire, and to a former employee, Johnny Butler. In this regard, defendant states that because EEOC counsel has now informed Brown–Forman's counsel that she is asserting representational status for all EEOC employees, defendant's counsel has agreed to serve deposition notices directly on EEOC counsel. Based on the authorities cited and conclusions reached herein, the undersigned concludes that Brown–Forman's sending of deposition subpoenas to these two individuals directly, prior to any indication that EEOC counsel would represent them, was not improper.

through the bringing of an enforcement action in its own name.

EEOC argues that common sense and public policy favors recognizing an attorney-client relationship between EEOC counsel and aggrieved individuals named in enforcement actions. EEOC contends that an aggrieved individual is a person seeking legal advice when he or she is aware that an EEOC attorney is working on the charge. In addition, EEOC states that aggrieved individuals would be less likely to report violations of the law if they are denied the protection of the attorney-client privilege.

The EEOC cites only one case which it contends supports an attorney-client relationship. In *Donovan v. Teamsters Union Local 25*, 103 F.R.D. 550 (D.Mass.1984), a case brought under Title IV of the Labor Management Reporting and Disclosure Act of 1954, 29 U.S.C. § 481 *et seq.* ("LMRDA"), the court protected from disclosure as privileged attorney-client communications documents pertaining to communications between an aggrieved member of the union and government counsel. *Id.* at 553.

The undersigned finds *Donovan* distinguishable for two reasons. First, the LMRDA, unlike the ADEA, does not provide for a private right of action for aggrieved individuals. Therefore, the union members in *Donovan* had no choice but to initiate contact with government counsel. Second, in *Donovan*, unlike the case at bar, the complainant started the process which led to the enforcement action by filing a complaint and thereby initiating contact with the Department of Labor. Here, the aggrieved individuals for whom EEOC is claiming an attorney-client relationship have not, with the exception of Mr. Saputo, initiated contact with the EEOC by filing a charge.

In this regard, defendant argues [3] that in employment discrimination cases brought

in the name of the EEOC, the government agency is suing in the public interest rather than on behalf of certain individuals, and that the EEOC does not automatically have an attorney-client relationship with the 61 individuals named in the EEOC's complaint. Therefore, defendant contends, it is entirely proper to issue subpoenas for deposition to these individuals as they should be treated no differently than other non-party witnesses in EEOC enforcement actions under Title VII in which the EEOC seeks relief on behalf of a group of individuals.

Although the Eleventh Circuit has not decided the issue, the only cases found which touch on the issue hold that with regard to individuals named in the complaint, the EEOC is not in an attorney-client relationship with the aggrieved employee. *See Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 669 (9th Cir.1980) (EEOC not in privity with aggrieved employees in Title VII case for purposes of binding effects of consent decree); *Williams v. United States*, 665 F.Supp. 1466, 1469–1470 (D.Or.1987) (no attorney-client relationship between EEOC and aggrieved individuals in Title VII case so as to support a cause of action against the EEOC for negligent representation in carrying out a consent decree).

The courts reason that when the EEOC sues in its own name, "albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." *Williams, supra,* 665 F.Supp. at 1470, *quoting from General Telephone Co. v. EEOC*, 446 U.S. 318, 326, 100 S.Ct. 1698, 1704, 64 L.Ed.2d 319 (1980). In EEOC enforcement actions, as distinguished from individual suits for relief, the EEOC acts for the benefit of a large group of aggrieved individuals who may have competing and conflicting interests. Thus, it is not undertaking class representation

---

**3.** Defendant has responded to both motions under consideration here in a filing titled "Defendant Brown–Forman's Response in Opposition to EEOC's Motion to Establish an Attorney–Client Relationship and Compel Defendant to

Recognize It" (Dkt. 169). Attached to the response without separate docket entry is "Defendant Brown–Forman's Memorandum in Opposition...."

under Rule 23, Fed.R.Civ.P. because the EEOC is not bringing a representative action as is contemplated by that rule. *Ibid.*

■ The undersigned finds no reason to treat enforcement actions brought by the EEOC under the Age Discrimination in Employment Act (ADEA) any differently than the sex discrimination actions cited above with regard to whether the EEOC acts as legal counsel for aggrieved individuals in an enforcement action. Both Title VII and the ADEA provide for EEOC enforcement actions in addition to individual suits brought in the employee's own behalf or for others similarly situated. *See* ADEA, 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b); Title VII, Civil Rights Act, 42 U.S.C. § 2000e–5(f)(1). In addition, courts in cases brought under the ADEA have adopted Title VII *prima facie* case analysis and have noted the similar remedial purposes of the two statutes. *See Trans World Airlines v. Thurston*, 469 U.S. 111, 121, 105 S.Ct. 613, 621, 83 L.Ed.2d 523 (1985); *Pace v. Southern Ry. System*, 701 F.2d 1383, 1385–1386 (11th Cir.), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983).[4]

■ Accordingly, the undersigned concludes that it is entirely proper for defendant to send deposition subpoenas pursuant to Rule 45, Fed.R.Civ.P., to each of these employees it wishes to depose. However, if a particular individual, such as Mr. Saputo, has expressly asserted his desire to have EEOC counsel render him confidential legal advice, and that desire is demonstra-

ble through affidavits or other documentation which the undersigned may review *in camera*, then the undersigned may conclude that EEOC counsel has an attorney-client relationship with that individual. *See EEOC v. Georgia–Pacific Corp.*, 11 Fair Empl.Prac.Cas. (BNA) 722 (D.Or.1975), also available on WESTLAW at 1975 WL 267.

It is, therefore, ORDERED:

(1) that Plaintiff Equal Employment Opportunity Commission's ("EEOC") Emergency Motion for Protective Order to Prohibit the Deposition of John Saputo Without the Presence of EEOC Counsel (Dkt. 155) is DENIED as moot;

(2) that Plaintiff Equal Employment Opportunity Commission's ("EEOC") Emergency Motion to Compel Defendant's Compliance With Rule 4–4.2 of the Florida Rules of Professional Conduct (Dkt. 156) is DENIED without prejudice except as to Mr. Saputo with regard to whom the motion is GRANTED. Should any other aggrieved individual express a desire that EEOC counsel render confidential legal advice, EEOC may renew its motion with supporting affidavits or other documentation.[5]

DONE and ORDERED.

---

**4.** The undersigned notes that for purposes of statutory construction of a particular provision of the ADEA, the district court has refused the invitation to compare the age discrimination statute to Title VII, following instead procedural law under the Fair Labor Standards Act in holding void and unenforceable unsupervised waivers of ADEA claims. Order on Defendant's Motion for Summary Judgment dated July 11, 1990 (Dkt. 173). Because the district court's order related to this narrow issue, the undersigned

does not read it to foreclose comparison of the EEOC's similar roles in Title VII and ADEA enforcement actions.

**5.** Nothing in this order shall be construed as requiring or permitting the EEOC's solicitation of such representation. *See* Rule 4–7.4, Florida Rules of Professional Conduct; Rule 7.3, ABA Model Rules of Professional Conduct.