**UNITED STATES v. SCHINE CHAIN THEATRES, Inc., et al.**
Civil No. 223.

District Court, W. D. New York.
Sept. 1, 1944.

See also 2 F.R.D. 425; 4 F.R.D. 109.

Robert L. Wright, Sp. Asst. to the Atty. Gen., for plaintiff.

Edward F. McClennen, of Boston, Mass., and Willard S. McKay, of New York City, for Schine et al., defendants.

KNIGHT, District Judge.

Heretofore, upon application of the defendants, this court authorized the issuance of subpœnas duces tecum directed to Francis Biddle, Attorney General, Department of Justice, Wendell Berge and Herbert Borkland, assistants to the Attorney General, requiring them to produce at the trial of this suit set for September 26, 1944, documents and papers in such subpœnas set forth. The government now moves to set aside these subpœnas on various grounds, and asks the imposition of penalty costs upon the defendants.

The subpœnas were improvidently issued. It seeks production at the trial of all complaints in writing, written statements, affidavits, questionnaires or other communications received from persons named in the subpœna; similar documents received by the plaintiff of unnamed individuals in connection with allegations made with respect to certain named theatres; similar communications between the plaintiff and so-called major distributors; documents relating to complaints against the defendant with reference to theatres; and "More particularly, but without limiting the foregoing, all statements and correspondence of complaining exhibitors and other persons familiar with the motion picture industry; all statements and official reports of Government investigators and other records, reports and information relating to the motion picture industry, in the possession of the Department of Justice, including but not limited to the statements, papers and documents referred to in the second paragraph of the verification to the complaint herein, * * *." It appears that in its totality this subpœna seeks the production of practically if not all of the papers, documents and files of the government in connection with this case in its possession.

The defendants, as stated by their counsel, do not now seek through this process the possession of these documents but state the purpose to be to have these in the possession of the court at the time of the trial in order that they may be available for use by the defendants to disprove statements made by witnesses on behalf of the government. No such procedure to any such extent as is sought here, in so far as this court is informed, has ever been followed. As a basis for the issuance of the subpœnas the de-

fendant in its moving affidavit therefor states that certain individuals were designated to be called as witnesses for the plaintiff pursuant to interrogatories directed to it and that they were designated as witnesses of the plaintiff "on the basis either of some written complaint, or some written statement or affidavit given to the plaintiff by each of the prospective witnesses which set out the nature of such witness' complaint" and that such statements "may be very material upon the trial of this action in connection with the cross-examination on the part of the 'Schine Defendants' of these numerous witnesses." The government categorically denies that any such basis exists. It is not necessary to inquire how the defendants can have knowledge of these matters stated as facts. A large number of these witnesses have already testified and been excused. It is obvious now that any material in the possession of the government can not now be used in connection with any cross-examination of these witnesses. There is no statement made as to what testimony of these witnesses the defendants seek to contradict.

Upon this motion to strike, the government calls attention to Department of Justice Order No. 3229 which purports to prohibit the disclosure of documents in the possession of the Department under the Attorney General "except at the discretion of the Attorney General." The reason for this rule, or a rule to meet the purposes or intent of the Department of Justice, is obvious. It is vitally necessary to the administration of that Department that many of its ꓘes be kept secret within the Department and that they should not be disclosed, except with the consent of the head of the Department or pursuant to the direction of the proper legal authority.

■ Title 5, Section 22, U.S.C.A. (R.S. § 161), authorizes the Attorney General to prescribe regulations "not inconsistent with law, in the government of his department." Resolution No. 3229, supra, is within the contemplation of that statute. However, even so, this does not prevent the court from ordering the production of files of the Department of Justice in all cases. There may be certain of such files which are entirely privileged and others which are not. If, and when, it appears at the trial of this case that parts of the files shown to be in the possession of the Attorney General are sought for the contradiction of a witness, or are necessary for the purpose of the

trial, the court will then take action on the request to compel their production. In any event, the subpœnas duces tecum herein were issued prematurely.

Counsel for the defendant quotes from the purported record of proceedings (still pending) in the case of United States v. Crescent Amusement Co. et al. This was a case in which substantially the same charges as made here were made against exhibitor defendants. It appears from the testimony quoted by the defendant that the defendant there sought to require a government witness to produce a *copy of deposition given the government*. This copy was in the possession of the witness. That presents quite a different situation from what we have here.

The motion to quash the aforesaid hereinbefore issued subpœnas duces tecum is granted.

■ No penalty costs should be imposed, if for no other reason than the fact that the fault was in part that of the court in granting the order for the issuance of the subpœnas.