James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

KEELER BRASS COMPANY, a corporation, Defendant.

Civ. A. No. G-149-71.

United States District Court, W. D. Michigan, S. D.

Feb. 17, 1972.

Benjamin Thomas Chinni, Cleveland, Ohio, for plaintiff.

Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich. (F. William Hutchinson, Grand Rapids, Mich., of counsel), for defendant.

## OPINION

FOX, Chief Judge.

In this action, the Secretary of Labor seeks an injunction and back wages for claimed violations of the Equal Pay Amendments to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. On January 24, 1972, defendant, Keeler Brass Corporation, filed a notice to take depositions. This notice was organized in two parts. Part A noticed the deposition of Mr. Bruce Wisner, a Department of Labor investigator. Part B noticed the deposition of any person or persons designated by the plaintiff to answer questions on seven specific subjects set forth in the notice. Rule 30(b)(6). Defendant further asked that some twenty-one categories of documents be brought to the depositions by the deponents.

In response to defendant's notice, plaintiff filed motions for protective orders. In reply, defendant filed a Motion to Compel Discovery. These pretrial motions are presently before the court.

Plaintiff raises the informer's privilege and lawyer's work product privilege as grounds for his motions. Rule 26(b) of the Federal Rules of Civil Procedure permits the discovery of information and materials which are "not privileged." Rule 34 governs discovery of documents in similar terms.

The informer's privilege is well recognized as essential to effective enforcement of the Fair Labor Standards Act. Mitchell v. Roma, 265 F.2d 633 (3rd Cir. 1969). Frequently, the only substantial source of information as to possible violations of the Act by employers is the pool of past and present employees. In order for this source to be meaningfully tapped, employees must be assured that they will be insulated from retributive action by their employers.

"The relationship between employer and employee is a sensitive one. * * * The statutory prohibition against retaliation provides little comfort to an employee faced with the possibility of subtle pressures by an employer, which pressures may be so difficult to prove when seeking to en-

force the prohibition." Mitchell v. Roma, supra, at 637.

Just as in the field of antitrust, informers must be sheltered from economic duress and retaliation in order to realistically achieve the free flow of information vital to the enforcement of important constitutional general welfare and public legislative policies such as are manifested in the Fair Labor Standards Act. In order to effectuate this purpose, the identity and communications of interviewed informers must be protected from disclosure.

> "The privilege recognizes the obligation of citizens to communicate the knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Roviaro v. U. S., 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957).

The informer's privilege is therefore properly applicable to this case.

 It is of utmost importance that the informer's privilege, so crucial to the life of a working man, be respected. Consequently, only in the event of some showing of very substantial compelling cause will the privilege be set aside. Further, because the power that an employer has over his employee frequently extends even beyond the period of employment, this court is persuaded that the privilege should properly extend to past as well as present employees of the defendant in this case. The importance of job referrals, recommendations and personnel file entries warrant such a scope of protection. While, of course, the court draws no conclusions as to past, present or future behavior of the particular defendant presently before it, it firmly believes that such dangers as blacklisting and other reprisals must be guarded against, in utmost regard for the governmental and employee interest underlying the informer's privilege.

The existence and significance of the lawyer's work product privilege is and must be conceded by defendant. This privilege shields the recorded analysis, mental impressions, legal research and other documentary work product of an attorney.

 The extent to which the mentioned privileges require protection by this court must, however, be judged on a specific basis as the various relevant documents and possible deposition questions are revealed to the court. On the mere face of the bare pleadings heretofore filed in this case, the court can make no explicit rulings of production or protection.

 Therefore, this court directs that the parties arrange the noticed depositions at a time and place which will facilitate ready access to the court. Specific objections to questions and concrete disputes over documents can thereupon be addressed to the court in prompt fashion. The court stands ready to cooperate in every way possible with this effort. Rulings will then be made on an ad hoc basis in conformity with the principles herein expressed.

It is so ordered.