In re UNITED STATES of America, Petitioner.

SOCIALIST WORKERS PARTY et al.,
Plaintiffs-Appellees,

v.

The ATTORNEY GENERAL et al.,
Defendants-Appellants.

No. 1562, Docket 77–3041.

United States Court of Appeals,
Second Circuit.

Argued Aug. 19, 1977.

Decided Oct. 11, 1977.

Daniel R. Murdock, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., for the Southern District of New York, William S. Brandt, Thomas E. Moseley, Stuart I. Parker, Frank H. Wohl, Asst. U. S. Attys., New York City, of counsel), for defendants-appellants.

Leonard B. Boudin, New York City (Herbert Jordan, Rabinowitz, Boudin & Standard, New York City, Mary B. Pike, Margaret Winter, New York City, of counsel), for plaintiffs-appellees.

Before VAN GRAAFEILAND and WEBSTER,* Circuit Judges, and DOOLING, District Judge.**

VAN GRAAFEILAND, Circuit Judge:

This action was commenced in 1973 by the Socialist Workers Party (SWP), the Young Socialist Alliance (YSA) and several individual members of these organizations. Their second amended complaint, which seeks both injunctive relief and some $40 million dollars in compensatory and punitive damages from the United States and various officials and employees, recites a litany of alleged wrongful acts on the part of the defendants beginning in 1938, including blacklisting, harassment, disruption, wiretapping, mail tampering, breaking and entering, and assault. Plaintiffs have had broad discovery by way of interrogatories, depositions and production of documents.[1]

---

* Of the Eighth Circuit, sitting by designation.

** Of the Eastern District of New York, sitting by designation.

1. Approximately seventy thousand documents have been turned over to plaintiffs by governmental agencies, approximately fifty-three thousand of these by the FBI. Nine sets of interrogatories have been directed to the FBI

This has disclosed that since 1960 some thirteen hundred unidentified persons have provided information concerning plaintiffs on at least two occasions to the FBI and, of these, approximately three hundred were at one time members of SWP or YSA, or both. This appeal concerns the disclosure of their identities.

From the outset of discovery, plaintiffs have insisted that they would be satisfied with nothing less than the names of all informants. They contend that the informants would not be endangered by this disclosure and that, because the investigation of SWP and YSA has been terminated, the informants no longer provide a continuing source of information to the government which should be preserved. Defendants have just as adamantly asserted that none of the informants should be identified, contending that the government's ability to gather information for general law enforcement purposes would be severely damaged by disclosure in this case and that plaintiffs have failed to show that their need for disclosure outweighs the public interest in encouraging the flow of information from confidential sources.

The district judge, faced with an almost insoluble problem, has had difficulty in coming to grips with it. The matter was brought to a head by plaintiffs' motion for an order directing the FBI to furnish the names of nineteen informants, therefore identified only by code numbers, and to produce all documents relating to them. The district judge conducted an *in camera* inspection of the twenty-five file drawers of documents involved in this request, directed the government to prepare summaries of the files, and set forth a list of subjects which he wanted covered in the summaries. He stated that it might be necessary for the government to provide plaintiffs with similar information relating to all the informant files and indicated his

belief that this could probably be done without any substantial revelation of the identity of informants, because he was "reasonably convinced that the identity of the individuals in all, virtually all, cases would be useless to [him] as a judge or to the parties to the litigation."

Plaintiffs' counsel reasserted, however, that plaintiffs were unwilling to settle for anything less than disclosure of the names of all informants, and the district judge thereupon issued the oral *in camera* order which is the subject of this appeal. In a somewhat discursive ruling, he stated that plaintiffs' counsel must have access to the detailed facts about the use of informants and that the FBI must produce the eighteen files [2] for inspection by four attorneys representing the plaintiffs.[3] He stated also that production would not stop with the eighteen files but would undoubtedly go beyond and might encompass the full thirteen hundred informant files. The lawyers were ordered to keep the information which they secured confidential and, indeed, not to make public the disclosure procedure which the court had decided to follow.

Defendants seek review of this order under both 28 U.S.C. §§ 1651 and 1291, relying as to the latter section upon the collateral order rule of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Plaintiffs concede that this Court has jurisdiction. However, jurisdiction cannot be conferred by agreement of the parties, *Stratton v. St. Louis Southwestern Railway*, 282 U.S. 10, 18, 51 S.Ct. 8, 75 L.Ed. 135 (1930); *IBM Corp. v. United States*, 493 F.2d 112, 119 (2d Cir. 1973), *cert. denied*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974), and it is the court's duty to determine whether the order is cognizable for review. *United States v. Cusson*, 132 F.2d 413, 414 (2d Cir. 1942).

alone. At least eighteen depositions have been taken, twelve of them of FBI employees.

**2.** The FBI has withdrawn its objection as to one of the files, because plaintiffs already know the name of the informant.

**3.** One of the four attorneys is also a member of SWP.

In *Xerox Corp. v. SCM Corp.*, 534 F.2d 1031 (2d Cir. 1976), where appellate review was sought of pretrial discovery orders of documents assertedly protected by the attorney-client privilege, this Court reiterated its longstanding position against reviewability. We stated that in the absence of a 28 U.S.C. § 1292(b) certification, a persistent disregard of the Rules of Civil Procedure or a manifest abuse of discretion, interlocutory review of pretrial discovery orders would not be permitted. We also indicated that review might be allowed where the case presents legal questions of first impression or of extraordinary significance. The district judge has not certified this matter for appeal. Unless, therefore, the application to this Court satisfies one of the alternative requirements for reviewability, we are bound by our prior decisions to deny review.

■ The question of informer privilege is, of course, not one of first impression. It is an ancient doctrine with its roots in the English common law, 3 *Russell on Crimes*, at 592–93 (6th ed. 1896), founded upon the proposition that an informer may well suffer adverse effects from the disclosure of his identity. Illustrations of how physical harm may befall one who informs can be found in the reported cases. *See, e. g., In Re Quarles*, 158 U.S. 532, 15 S.Ct. 959, 39 L.Ed. 1080 (1895); *United States v. Toombs*, 497 F.2d 88, 90 n.1 (5th Cir. 1974); *Swanner v. United States*, 406 F.2d 716 (5th Cir. 1969); *Schuster v. City of New York*, 5 N.Y.2d 75, 180 N.Y.S.2d 265, 154 N.E.2d 534 (1958). However, the likelihood of physical reprisal is not a prerequisite to the invocation of the privilege. Often, retaliation may be expected to take more subtle forms such as economic duress, blacklisting or social ostracism. *See Usery v. Local 720, Laborers' International Union of North America*, 547 F.2d 525, 527 (10th Cir.), *petition for cert. denied*, 431 U.S. 938, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977); *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 306 (5th Cir. 1972); *Wirtz v. Continental Finance & Loan Co.*, 326 F.2d 561, 563–64 (5th Cir. 1964); *Mitchell v. Roma*, 265 F.2d 633, 637 (3d Cir. 1959); *Hodgson v. Keeler Brass Co.*, 56 F.R.D. 126,

127–28 (W.D.Mich.1972); 8 Wigmore, *Evidence* § 2374 at 762 (McNaughton Rev. 1961). The possibility that reprisals of some sort may occur constitutes nonetheless a strong deterrent to the wholehearted cooperation of the citizenry which is a requisite of effective law enforcement.

Courts have long recognized, therefore, that, to insure cooperation, the fear of reprisal must be removed and that "the most effective protection from retaliation is the anonymity of the informer." *Wirtz v. Continental Finance & Loan Co., supra*, 326 F.2d at 563–64; *see also McCray v. Illinois*, 386 U.S. 300, 306–09, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Usery v. Local 720, supra*, 547 F.2d at 527. "By withholding the identity of the informer, the government profits in that the continued value of informants placed in strategic positions is protected, and other persons are encouraged to cooperate in the administration of justice." *United States v. Tucker*, 380 F.2d 206, 213 (2d Cir. 1967). Congress, also, has recognized the importance of this protective measure. *See, e. g., United States v. Greenwood Municipal Separate School District*, 406 F.2d 1086, 1089–1090 (5th Cir.), *cert. denied*, 395 U.S. 907, 89 S.Ct. 1749, 23 L.Ed.2d 220 (1969).

■ The doctrine of informer privilege is applied in civil cases as well as criminal. *Wirtz v. Continental Finance & Loan Co., supra*, 326 F.2d at 563, and limits the right of disclosure under Rule 34 of the Federal Rules of Civil Procedure. *Wirtz v. Robinson & Stephens, Inc.*, 368 F.2d 114, 116 (5th Cir. 1966). Indeed, there is ample authority for the proposition that the strength of the privilege is greater in civil litigation than in criminal. *See United States v. Carey*, 272 F.2d 492, 493 (5th Cir. 1959); *Mitchell v. Roma, supra*, 265 F.2d at 637–38; *Black v. Sheraton Corp.*, 47 F.R.D. 263, 272 (D.D.C. 1969); *Bocchicchio v. Curtis Publishing Co.*, 203 F.Supp. 403, 407 (E.D.Pa.1962). However, the privilege is not absolute in either. Where the identification of an informer or the production of his communications is essential to a fair determination of the issues

in the case, the privilege cannot be invoked. *Roviaro v. United States*, 353 U.S. 53, 60–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *United States v. Alexander*, 495 F.2d 552, 553 (2d Cir. 1974).

The burden of establishing the need for disclosure is upon the person who seeks it. *United States v. Prueitt*, 540 F.2d 995, 1004 (9th Cir. 1976), *cert. denied*, 429 U.S. 1063, 97 S.Ct. 790, 50 L.Ed.2d 780 (1977). This burden is not met by mere speculation that identification might possibly be of some assistance. *United States v. Prueitt*, 540 F.2d at 1003; *United States v. D'Amato*, 493 F.2d 359, 366 (2d Cir.), *cert. denied*, 419 U.S. 826, 95 S.Ct. 43, 42 L.Ed.2d 50 (1974). Disclosure should not be directed simply to permit a fishing expedition, *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974); *Waldron v. Cities Service Co.*, 361 F.2d 671, 673 (2d Cir. 1966), *aff'd sub nom. First National Bank v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968), or to gratify the moving party's curiosity or vengeance, *Shore v. United States*, 60 App.D.C. 137, 141, 49 F.2d 519, 523 (1931), but only after the trial court has made a determination that plaintiff's need for the information outweighs the defendant's claim of privilege. *Kerr v. United States District Court*, 426 U.S. 394, 405, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

District courts have the inherent power to hold *in camera* proceedings, *United States v. Hurse*, 453 F.2d 128, 130–31 (8th Cir. 1971), *cert. denied*, 414 U.S. 908, 94 S.Ct. 245, 38 L.Ed.2d 146 (1973), and this is a "highly appropriate and useful means of dealing with claims of governmental privilege." *Kerr v. United States District Court, supra*, 426 U.S. at 406, 96 S.Ct. at 2126. The district judge has made an *in camera* inspection of the eighteen files at issue but has refused to rule on their confidentiality. Instead, he has thrown them open to inspection by four attorneys representing the plaintiffs and has indicated his intention to permit similar inspection of additional files. It is the contention of the defendants that the district judge, in thus attempting to determine "whether the cir-

cumstances are appropriate for the claim of privilege", is in fact "forcing a disclosure of the very thing the privilege is designed to protect." *United States v. Reynolds*, 345 U.S. 1, 8, 73 S.Ct. 528, 532, 97 L.Ed. 727 (1953). Defendants assert that, if the purpose of the informer privilege rule is to encourage cooperation through the promise of anonymity, this purpose will be ill-served by a practice of delivering informants' files to opposing counsel. The district judge's ineffective direction that this procedure, which he had adopted, not be made public indicates that he was aware of the problem.

However, it is by now well-established that a district judge, in the exercise of his discretion, may permit opposing counsel to participate in and assist him in the conduct of *in camera* proceedings under a pledge of secrecy. *See, e. g., United States v. Nixon*, 418 U.S. 683, 715 n.21, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *United States v. Anderson*, 509 F.2d 724, 729 (9th Cir.), *cert. denied*, 420 U.S. 910, 95 S.Ct. 831, 42 L.Ed.2d 840 (1975). The order appealed from does not therefore create an issue of first impression or extraordinary significance, nor was its issuance an abuse of discretion which warrants appellate review.

We would be remiss, however, if we did not express our concern that the course upon which the district judge has embarked will lead to disclosure for which there is no substantial need, *Brennan v. Engineered Products, Inc.*, 506 F.2d 299, 303 (8th Cir. 1974), and to unnecessary rummaging in government files. *Taglianetti v. United States*, 394 U.S. 316, 317, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1969); *Donohoe v. Duling*, 330 F.Supp. 308, 312 (E.D.Va.1971), *aff'd*, 465 F.2d 196 (4th Cir. 1972). Although disclosure in small servings effectively precludes appellate review, it does not make the end result more palatable to either the defendants or the public. As has been well said, "the general disclosure of informants' identities to defense counsel is likely to compromise the fundamental public policy underlying the [informer] privilege." Levine, *The Use of In Camera Hearings in Ruling on the Informer Privilege*, 8 U.Mich.J.L.Ref. 151, 171 (1974).

Defendants argue forcibly that plaintiffs have no valid cause of action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.*, or the Constitution and rely in addition upon the two year statute of limitation contained in 28 U.S.C. § 2401(b) as a valid defense. These issues are not now before us but will be determined by the district court on the trial. However, the identification of informants, once made, will be irreversible on an appeal from the final judgment. *Metros v. United States District Court*, 441 F.2d 313, 315 (10th Cir. 1971). As this Court stated when this case was before it on a prior appeal, the district court should weigh "the serious prejudice to the Government from compromising some or all the informants for all time, even though the final determination of the action may be for the defendants." *Socialist Workers Party v. Attorney General*, 510 F.2d 253, 257 (2d Cir. 1974).

We are far from convinced that plaintiffs' attorneys require a wholesale disclosure of informants' identities in order to prepare their case for trial.[4] The activities of the informants have been extensively disclosed in the discovery already had, and most of the other proof necessary to establish plaintiffs' claim is already in plaintiffs' possession. In this case, which probably will be tried without a jury, *see O'Connor v. United States*, 269 F.2d 578, 585 (2d Cir. 1959), a decision as to the need for discovery of much privileged matter can be deferred safely until more fundamental issues, perhaps dispositive of the need, are decided on trial. *See Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, 697, 53 S.Ct. 736, 77 L.Ed. 1449 (1933); *Usery v. Local 720, supra*, 547 F.2d at 528; *Ellingson Timber Co. v. Great Northern Ry. Co.*, 424 F.2d 497, 499 (9th Cir.), *cert. denied*, 400 U.S. 957, 91 S.Ct. 354, 27 L.Ed.2d 265 (1970); *United States v. Schine Chain Theatres*, 4 F.R.D. 108, 109 (W.D.N.Y.1944).

In summary, although some other circuits have taken a more liberal position with regard to the reviewability of interlocutory orders of the type involved herein, *see, e. g., Usery v. Ritter*, 547 F.2d 528, 532 (10th Cir. 1977); *Metros v. United States District Court, supra*, 441 F.2d at 315, we are bound to follow this Court's strong policy against review. However, as in *Baker v. United States Steel Corp.*, 492 F.2d 1074 (2d Cir. 1974), we are hopeful that the district judge will give full consideration to the thoughts here expressed.

Appeal dismissed and application for writ of mandamus denied.

DOOLING, District Judge.

I concur in the result.

---

**4.** Moreover, while we share the trial judge's confidence in the character and integrity of plaintiffs' counsel, we are less sanguine than he concerning their ability to conceal the information which is about to be disclosed to them.

Indeed, unless counsel are prohibited from making use of the information thus obtained, the very thrust of their future inquiries may point interested observers directly to many of the individuals involved.