Beresford N. SPRINGER, Plaintiff,

v.

Gretchen S. SEAMAN, et al., Defendants.

Civ. Nos. 85–0243 P, 86–0322 P.

United States District Court, D. Maine.

Oct. 30, 1987.

Harold L. Lichten, Angoff, Goldman, Manning, Pyle, Wanger & Hiatt, Boston, Mass., for plaintiff.

Theodore Kirchner, Robert F. Hanson, Norman & Hanson, Portland, Me., for Michael Seamen.

Paula D. Silsby, David R. Collins, Asst. U.S. Attys., Portland, Me., Diana E. Johnson, Office of Labor Law, Washington, D.C., for Gretchen Seamen, McGlincey & P.O.

George F. Wood, Sanford, Me., Paul W. McElhinney, for Seamen, McGlincey individually.

ORDER ON RECONSIDERATION OF PRIOR ORDER OF COURT ON DEFENDANTS' OBJECTION TO PRODUCTION OF DOCUMENTS IN DISCOVERY AND ON MOTION FOR IN CAMERA REVIEW OF PROPOSED DISCOVERY MATERIALS

GENE CARTER, District Judge.

This matter is before the Court as a result of the remand of the case from the Court of Appeals for the First Circuit on June 16, 1987. In that action, the appeals court reversed this Court's prior grant of a

summary judgment in favor of the United States Postal Service on the Plaintiff's claims under 42 U.S.C. §§ 1981 and 2000d. In addition thereto, the appeals court vacated this Court's prior order denying discovery sought by Plaintiff of certain documents consisting of the Postal Service Inspection Manual, the Internal Crimes Handbook, and two internal Postal Service memoranda concerning the so-called "blind testing program." This aspect of the matter was remanded to this Court "for reconsideration of the discovery request in light of this opinion." *Springer v. Seaman,* 821 F.2d 871, 883 (1st Cir.1987). The gist of the court's opinion with respect to this issue was its holding

> that pertinent parts of the Postal Service Inspection Manual, the Internal Crimes Handbook, and the two internal Postal Service memoranda concerning the blind testing program may well be relevant to Springer's burden of showing that the investigation and termination were the result of the individual defendants' discriminatory actions, as well as to his claims against the Postal Service.

*Id.* at 882.

This Court had considered the discovery issue on two prior occasions. Plaintiff apparently sought discovery of the materials identified, and on May 2, 1986 Defendant United States Postal Service filed its Motion for *In Camera* Review of Discovery Materials, in which it objected to the production of the identified materials on grounds of relevancy and privilege. The motion sought this Court's *in camera* review of the documents as a predicate for a determination as to whether the documents should be produced. This Court entered its order on the motion on May 12, 1986, in which the Court concluded that it "discovers no pleaded issue of fact or law to which the contents of the identified documents would be in any way relevant." Order on Defendant's Objection, at 2. The Court went on to observe: "Further, the documents are exempt from discovery on the present record as within the 'official

information privilege.' *Association for Reduction of Violence v. Hall,* 734 F.2d 63, 65–66 (1st Cir.1984)." *Id.* On this bipedal analysis, the Court upheld the Defendant's objections to the production of the materials in discovery.

Plaintiff sought reconsideration by the filing of a motion for such relief dated May 14, 1986. The Court discussed the matter with counsel at the final pretrial conference on May 16, 1986 and agreed to reconsider its prior order. *See* Report of Final Pretrial Conference and Order of May 19, 1986 at 2, ¶ 3. Thereafter, on June 12, 1986, the Court entered its Order on Reconsideration of Prior Order of Court (D.I. # 21). In that order the Court reflected that it had reviewed the filings on the issue and on reconsideration had determined that its prior holding that the Plaintiff "has not met the necessary threshold order of relevance required under Fed.R.Civ.P. 26(b) in order to require production of the documents in discovery," Order of June 12, 1986 at 2, was correct and affirmed its prior order sustaining the Defendant's objections to discovery of the materials in question. This Court did not advert to the privilege ground of its prior ruling.

On appeal, the Court of Appeals made no specific reference to the privilege issue as previously identified by the Court in its original order sustaining the Defendant's objections. It is clear that the effect of the action of the Court of Appeals is to establish at least a presumption that all or part of the materials in question are relevant to, or may tend to the discovery of materials that are relevant to, Plaintiff's claims (a) that the investigation and termination were the result of the individual defendants' discriminatory actions, and (b) his claims against the Postal Service.[1] Thus, on this reconsideration the relevancy determination does not drop completely out of the analytical equation as a result of the Court of Appeals' action. Two general inquiries remain to be made: (1) whether the Court is satisfied that any part of the materials

---

1. The Court said the materials "may well be relevant" to these claims. *Springer,* 821 F.2d at 882.

falls within the scope of the threshold standard of relevancy for discoverability purposes and (2) whether the material falls within the "privilege for 'documents that would tend to reveal law enforcement investigative techniques or sources.'" *Association for Reduction of Violence v. Hall*, 734 F.2d 63, 65–66 (1st Cir.1984); *Black v. Sheraton Corp. of America*, 564 F.2d 531, 545 (D.C.Cir.1977).

As the court notes in its opinion in the *Hall* case, this privilege is a qualified rather than absolute one, and in determining whether it is effective to shield materials from discovery, the court is "obliged to balance conflicting interests on a case-by-case basis in ruling on particular claims of privilege." 734 F.2d at 66. The party seeking discovery must make "a threshold showing of need, amounting to more than 'mere speculation.'" *Id.* (quoting *Socialist Workers Party v. Attorney General*, 565 F.2d 19, 23 (2d Cir.1977), *cert. denied*, 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978). The Court observed that the interests of the party seeking disclosure tends to be strongest when the information in question "is highly relevant, helpful, and unavailable from other sources." *Id.* A showing that the information is relevant or "is essential to a fair determination of a cause" may in and of itself be sufficient to overcome an assertion of the privilege. *Id.*

However, the interests of the party asserting the privilege tend to be strongest, said the court, "when the information in question falls squarely within the definition of privilege and its disclosure would ... jeopardize the physical security of an individual or governmental institution." *Id.*

The preferred procedure is for the court to conduct an *in camera* review of the documents in question once the requisite showing of need has been made by the party seeking discovery. *Id.* The court characterizes this procedure as "'relatively costless and eminently worthwhile.'" *Id.* (quoting *Kerr v. United States District Court*, 426 U.S. 394, 405, 96 S.Ct. 2119, 2125, 48 L.Ed.2d 725 (1977)).

The Court is fully satisfied that the necessary showing of need has been accomplished in this case. Plaintiff asserts that he cannot obtain the information in the identified materials from any other source, and the Defendant's counsel concedes that these documents are treated with a relatively high level of security by the United States Postal Service. The declaration of Bruce R. Chambers, Manager of the Internal Crimes Branch of the United States Postal Inspection Service, filed on May 5, 1986 in support of the Defendant's claim of privilege specifically states:

> Disclosure of both manuals and the blind testing program would adversely impact the confidentiality of the investigative techniques and procedures employed by the Postal Inspection Service. Disclosure would risk circumvention of agency regulations and statutes and would impede the effectiveness of our law enforcement activities. Such information is of a privileged and confidential nature and should be protected from disclosure in order to preserve the effectiveness of the law enforcement techniques and investigative practices of the Postal Inspection Service.

*Id.* at 4, ¶ 14. Plaintiff has shown that he has no other reasonably available avenue to obtain the information set out in the identified materials. Accordingly, the Court has proceeded once again to review these materials *in camera*. The same contents of the Declaration also establish, however, the strong interest of the Defendant in generally maintaining the government's security over its operating procedures and its policies in respect to investigation of internal crimes. The methodology of the Court's review has been (1) to determine what portions of these documents, if any, have the type of cogent relevancy articulated in the Court of Appeals' opinion to the two categories of Plaintiff's claims identified therein; (2) to segregate any such portions of the documents from other portions that are not relevant, or are not reasonably calculated to lead to the discovery of admissible evidence; and (3) to assess the relative intelligence value to Defendant of those portions of the material found to be cogently relevant to the Plaintiff's claims in question.

A meticulous and careful consideration of the contents of the materials discloses that certain pages of the documents are, to a probability, cogently relevant to or may tend to the discovery of relevant material bearing upon the Plaintiff's claims as previously identified.[2] The Court is satisfied that with respect to those portions of the documents, Plaintiff's claim to discovery of such materials on the basis of the criteria set forth in *Association for Reduction of Violence v. Hall, supra,* overcomes the Defendant's claim of privilege so long as the materials are produced herein selectively pursuant to a protective order prohibiting any disclosure of the contents of the material by counsel, the parties herein, or their agents except as necessary in order to prepare and present for trial Plaintiff's claims and the defenses thereto. Accordingly, the Court has caused those portions of the materials having such relevance to be photocopied and they are attached hereto as Exhibit "A."

It is hereby ORDERED that the Defendant shall produce, in response to Plaintiff's discovery requests for the previously identified materials those portions of the materials contained in Exhibit "A" hereto annexed, such production to occur forthwith.

It is FURTHER ORDERED that no counsel or party having access to these materials shall disclose any of the contents of such materials to any person except upon the judgment *of counsel* that such disclosure is necessary in order to properly prepare and present the Plaintiff's claims and any defense thereto in this matter, and then only upon the person to whom disclosure is made executing a statement under oath, to be filed with the Clerk herein, acknowledging that such person has been fully apprised of the requirements of this order in respect to maintenance of confidentiality as to such information and agreeing to be bound by such requirements until relieved thereof by further order of this Court.

It is FURTHER ORDERED that upon the final conclusion of these proceedings, the materials contained in Exhibit "A" shall be excised from the Court's file herein and returned to defense counsel, that all copies of such materials provided to Plaintiff's counsel shall not be the subject of further copying except upon prior written order of the Court and that all such copies shall be returned to defense counsel at the conclusion of the proceedings herein with a certificate of Plaintiff's counsel that no improper disclosure of the contents of such materials has occurred and that all copies have been surrendered to defense counsel.

2. The Court must candidly acknowledge that although it has a very high level of familiarity with the factual aspects of these cases as well as the legal theories advanced by counsel on both sides because of its extensive involvement in previous motion practice going to the merits, it certainly cannot hope to be as nicely attuned to all of the factual aspects of the case as are counsel. This poses some difficulty to the Court in being completely confident that in reviewing very extensive and complex materials such as those in question here, the Court can accurately assess relevance for purposes of discoverability. However, the Court has struggled with this problem as objectively and forthrightly as possible in an effort to comply with the *in camera* review process which the Court of Appeals has found to be " 'a relatively costless and eminently worthwhile method to insure that the balance between [one party's] claims of irrelevance and privilege and [the other's] asserted need for the documents is correctly struck.' " *Hall,* 734 F.2d at 66 (quoting *Kerr,* 426 U.S. at 405, 96 S.Ct. at 2125).