**Dhoruba Bin WAHAD formerly known as Richard Dhoruba Moore, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

**No. 75 Civ. 6203 (MJL).**

United States District Court, S.D. New York.

June 26, 1990.

See also 132 F.R.D. 17.

Robert J. Boyle, Brooklyn, for plaintiff.

Michael D. Pinnisi, Asst. U.S. Atty. and Robert Trachtenberg, Asst. Corp. Counsel, New York City, for defendants.

## ORDER

NINA GERSHON, United States Magistrate:

██ Defendant FBI seeks an order which would "withdraw, modify, reconsider, or grant reargument of" an April 3, 1990 order which denied the FBI's application to keep confidential the name of the person who had supplied the FBI with plaintiff's address book. It was undisputed that the address book had been taken from plaintiff's prison cell, copied and then returned to the cell, in plaintiff's absence.

The first issue to be addressed on this motion is the FBI's claim that there is new evidentiary support for upholding its claim of informant privilege. The new evidentiary support consists solely of the affidavit of C. David Elder, supervisory special agent of the FBI. That affidavit states that, after the order of April 3, 1990, Elder directed that an FBI agent contact the confidential source "to determine whether the confidential source wanted his/her identity to remain undisclosed and if so, whether the confidential source had a specific reason or reasons for wanting to retain that confidentiality." Elder Afft. ¶ 5. That agent later informed Elder that the confidential source "reaffirmed that, at the time he/she provided the address book unsolicited and undirected to the FBI, he/she was given an express promise of confidentiality as to identity by the FBI." Further, the confidential source requested that the FBI respect its promise of confidentiality because the source "was aware that the plaintiff has a reputation for violence, and that plaintiff had been sent to prison for shooting two police officers."

Agent Elder then offers his opinion that the source's fear is justifiable based upon statements made by the plaintiff in his depositions in this case when asked about violence in his past. Plaintiff points out, and it is undisputed, that throughout the course of this lengthy litigation, plaintiff has been provided with the names of officers, agents and private individuals whom he claims have violated his rights; and at no time has there been any allegation that any of these individuals has been approached or contacted in any manner much less subjected to violence or the threat of violence. Under these circumstances, the wholly conclusory and generalized claim of fear of retaliatory violence, which is not based on any new facts or circumstances, must be given little weight. (It is, of course, possible that plaintiff will seek to sue the confidential source if he determines that the source has violated his state or federal rights, but the source is not entitled to protection from lawful process.) Moreover, plaintiff has expressed his willingness to waive production of the informant's address and, instead, serve a deposition subpoena on the federal defendant or a third party.

Apart from the "new evidence" just discussed, the FBI makes essentially the same legal arguments made on the underlying motion. These provide no basis for the relief requested.

The basic principles underlying the informant privilege and the balancing test that must be applied in determining whether in a given case disclosure should be allowed are well established. *See Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1956); *Cullen v. Margiotta*, 811 F.2d 698, 715–16 (2d Cir.1987); *In re United States*, 565 F.2d 19 (2d Cir.1977), *cert. denied*, 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978); *Michelson v. Daly*, 590 F.Supp. 261, 264–65 (N.D.N.Y.1984), *dismissed on procedural grounds without op., Estis v. Daly*, 755 F.2d 913 (2d Cir. 1985). Counter-balancing a plaintiff's need for the identity of an informant is the long-recognized governmental need to protect the anonymity of informants in order to ensure the cooperation of citizens in law enforcement (*id.*); " '[b]y withholding the identity of the informer, the government profits in that the continued value of informants placed in strategic positions is protected, and other persons are encouraged to cooperate in the administration of justice.' " *In re United States, supra*, 565 F.2d at 22 (citation omitted).

The weight to be accorded the informant privilege in any given case must depend upon the circumstances. Here, the FBI claims that the informant gave plaintiff's address book to the FBI as a "volunteer" and only then received a promise of confidentiality. Under these circumstances, the reasonable expectation of confidentiality by the volunteer and the FBI's need for the maintenance of secrecy is less than what would obtain if the FBI were dealing with a volunteer or a pre-arranged informant who had provided information only after receiving an express grant of confidentiality.

■ The FBI argues that, even if plaintiff's inference that the source was a corrections officer is true, the informant privilege applies, and plaintiff should seek his discovery from the Corrections Depart-

ment. This argument is without merit. A corrections officer, like a police officer, is not the proper subject of the informant privilege. *See Wood v. Brier*, 54 F.R.D. 7, 12 (E.D.Wisc.1972).

But even assuming that the informant privilege fully applies to the source involved, plaintiff's need for the identity of the source outweighs the need for secrecy. Plaintiff seeks injunctive relief from the FBI's alleged unconstitutional investigation and surveillance, and the FBI has moved for summary judgment on the ground, *inter alia*, that the claim is moot because the COINTELPRO program has ceased, the FBI has long since implemented internal policies to minimize the risk of investigative excess, and plaintiff has shown no factual basis for his claim of continued investigation. That the FBI recently received and distributed plaintiff's address book could tend to disprove the FBI's allegation that plaintiff is no longer the subject of FBI investigation. Plaintiff cannot be compelled to rely solely on the untested assertions of the FBI that its acquisition of the address book was accomplished without any participation by the FBI or that it was obtained and used for reasons wholly unrelated to plaintiff. Disclosure of the informer's identity would enable plaintiff to depose the individual and obtain a non-party account of the factual circumstances surrounding the taking of the book and its delivery to the FBI. In sum, the relationship of the source of the book to the FBI is central, not collateral, to plaintiff's claim and discovery of the source is essential. *See, e.g., Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir.1979), *rev'd in part on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980); *Bergman v. United States*, 565 F.Supp. 1353 (W.D.Mich.1983).

In contrast to the situation presented in *In re United States, supra*, the identity of only one, and not hundreds, of sources is at issue, and the plaintiff has made a highly particularized showing of need for that source. In *In re United States*, the wholesale disclosure of informants' identities that plaintiffs sought did not appear to be necessary to plaintiffs' claim. As in *Rovia-*

*ro v. United States, supra,* 353 U.S. at 64, 77 S.Ct. at 629–30, where "the informer was the only witness in a position to amplify or contradict the testimony of government witnesses," here, the testing of the FBI's assertions upon which its motion for summary judgment will depend requires the testimony of the non-party source. Disclosure, therefore, is not "directed simply to permit a fishing expedition" or "to gratify the moving party's curiosity or vengeance." *In re United States, supra,* 565 F.2d at 23.

### CONCLUSION

Thus, I find that plaintiff's need for the disclosure of the source's identity outweighs the FBI's interest in maintaining confidentiality and that there is no basis for the relief sought in the motion. The motion is therefore denied.

SO ORDERED.