**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**G–K–G INC., Defendant.**

**No. 89 C 9434.**

United States District Court,
N.D. Illinois, E.D.

July 23, 1990.

Mary B. Manzo, E.E.O.C., Chicago, Ill., for plaintiff.

Phillip C. Stahl, Nancy H. Wilder, Grippo & Elden, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this age discrimination action on behalf of William Blumenthal, a former employee of defendant G–K–G Inc. ("GKG"). During the course of discovery, GKG asked the EEOC to disclose the identities of two confidential witnesses. The EEOC refused to comply with the discovery request, claiming that the "informer's" privilege shields the identities of the witnesses from disclosure. GKG now seeks an order compelling the EEOC to reveal the identities of the confidential witnesses and the statements made by

those witnesses. In addition, GKG moves to compel the production of numerous other documents which the EEOC claims are protected by the "government deliberative process" privilege. For purposes of resolving GKG's discovery motion, this court conducted an *in camera* inspection of the documents in dispute. After examining the documents, the court concludes that they are not discoverable at this stage of the litigation. Therefore, GKG's motion to compel is denied.

## I. *Informer's Privilege*

■■■ The informer's privilege applies to both civil and criminal cases. *See Dole v. Local 1942, Int'l Bhd. of Elec. Workers*, 870 F.2d 368, 372 (7th Cir.1989). But in the civil context, the privilege is "arguably greater since not all constitutional guarantees which inure to criminal defendants are similarly available to civil defendants." *Id.* (citations omitted). The purpose of the informer's privilege is to foster cooperation between witnesses and law enforcement officials, thereby promoting the public interest in effective law enforcement. *Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957); *Dole*, 870 F.2d at 372. Facing a threat of reprisal from persons who are the subject of a government investigation, a citizen with personal knowledge of the incident in question may decline to assist the government. *Dole*, 870 F.2d at 372. By preserving the informer's anonymity, the privilege encourages cooperation not only from the informer, but also from others who have yet to offer assistance. *Id.* Given the significant policy consideration in effective law enforcement, GKG cannot obtain discovery of the privileged information unless it demonstrates that its need for the information outweighs the public interest in maintaining the privilege. *Roviaro*, 353 U.S. at 62, 77 S.Ct. at 628–29; *Dole*, 870 F.2d at 373. GKG has failed to make such a showing in this case.

■■■ GKG claims that the privilege must give way because there is no imminent threat of retaliation against the confidential witnesses. Despite GKG's conclusory assertion, the government is granted the privilege as of right, and it need not make a threshold showing of the likelihood of retaliation. *Dole*, 870 F.2d at 372.

GKG also argues that the identities of the witnesses and the substance of their statements is "critical" to its defense. However, the mere fact that the two witnesses were interviewed by the EEOC during its administrative investigation does not make the witnesses critical to GKG's defense. Aside from its unsubstantiated contention that the witnesses might prove helpful to its defense, GKG has not provided any justification for revealing the informers' identities. "[B]are speculation that the information may possibly prove useful" is not a sufficient reason to compel disclosure. *Id.* at 373; *see also In re United States*, 565 F.2d 19, 23 (2d Cir.1977), *cert. denied*, 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978); *United States v. Prueitt*, 540 F.2d 995, 1003–04 (9th Cir. 1976), *cert. denied*, 429 U.S. 1063, 97 S.Ct. 790, 50 L.Ed.2d 780 (1977). If the two confidential witnesses were the only witnesses involved in this case, GKG's argument would be more compelling. But the EEOC's investigation did not rest solely upon the statements of the two witnesses; the investigation was built upon the cooperation of numerous other witnesses—and GKG has been given access to the identities of those witnesses and the substance of their knowledge. *Cf. Roviaro*, 353 U.S. at 64, 77 S.Ct. at 629–30 ("This is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses."). The EEOC has disclosed the names of the individuals who have personal knowledge of the events giving rise to the cause of action, the individuals who have knowledge of GKG's general employment policies and practices, the individuals who are familiar with William Blumenthal's conduct and job performance, and the individuals who are familiar with the conduct and job performance of other GKG employees.

Consequently, there is simply no basis for concluding that GKG's need for the privileged material outweighs the public interest in preserving the anonymity of government informants. This court will not compel the EEOC to disclose the identity of its confidential witnesses.

### II. Government Deliberative Process Privilege

 GKG has also moved to compel the EEOC to produce seventeen documents which the EEOC claims are protected by the "government deliberative process" privilege. The deliberative process privilege protects documents which reflect "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *McClelland v. Andrus*, 606 F.2d 1278, 1287 (D.C.Cir.1979) (quoting *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 (D.D.C.1966), *aff'd*, 384 F.2d 979 (D.C.Cir.), *cert. denied*, 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967)). It is designed to promote effective governmental decision making by maintaining the free and open exchange of ideas among governmental officials. *Id.; In re Franklin Nat'l Bank Sec. Litig.*, 478 F.Supp. 577, 580–81 (E.D.N.Y.1979). The privilege, however, only covers expressions of opinion, recommendations, or consultations; factual matter is not within the scope of the privilege. *McClelland*, 606 F.2d at 1287; *In re Franklin Nat'l Bank Sec. Litig.*, 478 F.Supp. at 581–82. GKG does not quarrel with the EEOC's refusal to disclose its analyses and expressions of opinion. Instead, GKG has asked the EEOC to reveal all of the factual matter contained in the documents at issue. In response, the EEOC asserts that it has already produced the documents that contain relevant factual material. Having reviewed all seventeen documents *in camera*, the court fails to see any pertinent factual material which has not been furnished to GKG. Since the EEOC has divulged the relevant facts in its possession, it will not be required to produce documents which encompass intragovernmental deliberations.

### CONCLUSION

For the foregoing reasons, GKG's motion to compel is denied.

IT IS SO ORDERED.