**UNITED STATES of America**

v.

**Herman HAM, Defendant.**

**No. CRIM. 3:97cr191(AWT).**

United States District Court,
D. Connecticut.

Sept. 2, 1998.

---

Richard Peter Silverstein, New Haven, CT, for Defendant.

Michael J. Gustafson, U.S. Attorney's Office, Hartford, CT, John H. Durham, Peter D. Markle, U.S. Attorney's Office, New Haven, CT, for U.S.

### RULING ON DEFENDANT'S MOTION FOR DISCLOSURE OF IDENTITY OF CONFIDENTIAL INFORMANTS

THOMPSON, District Judge.

The defendant's Motion for Immediate Disclosure of Identity of Informants and Supplemental Motion to Compel Immediate Disclosure of Identity of Informants are being granted in part, i.e., with respect to the identity of Confidential Informant #2 ("CI# 2"), and denied in part, i.e., with respect to the identity of Confidential Informant #1 ("CI# 1"), for the reasons set forth below.

### I. BACKGROUND

On October 9, 1997, defendant Herman Ham ("Ham") was charged in a one-count indictment with possession of 50 grams or more of a mixture containing a detectable amount of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The defendant filed numerous pre-trial motions including a motion for disclosure of the identity of the government's informants. See Docs.è25–27, 31, 33, 34 and 35. On June 24, 1998, a pre-trial conference was held to dis-

cuss the pending motions. The result of the parties' discussion at the pre-trial conference and the court's consideration of the government's response to the defendant's motion for a Franks hearing,[1] see doc. # 73, was a request for a more precise articulation by the defendant of his claims pertaining to his need for the identities of the confidential informants. In compliance with this request, the defendant filed a supplemental motion and memorandum of law on this issue, see docs. è76 and 77, as well as an affidavit describing his defense and detailing his claims in support of his motion for disclosure of the identity of CI# 2. See Memo. Supp. Mot. Immediate Disclosure of Identity of Informants [doc. # 77] (Aff. of Herman Ham).

Based on the defendant's arguments at the pre-trial conference and in his subsequent submissions to the court, it appears that the defendant is not making a blanket request for the identities of the government's informants. Rather, the defendant believes he has identified Victor Jeffries ("Jeffries") as being CI# 2, and it appears that he asks only for confirmation from the government that the person named as CI# 2 in the search warrant application is Jeffries. The government does not confirm or deny whether the defendant has correctly identified CI# 2.

The defendant maintains his innocence and will offer as a defense that he was "framed" by Victor Jeffries on or about January 10, 1997. The defendant's belief that Jeffries is the person identified as CI# 2 is based, in part at least, upon the following information heretofore known to or obtained by the defendant: (i) the defendant and Victor Jeffries were acquaintances prior to January 10, 1997, and in fact, the defendant was being driven around by Jeffries on the day that his garage was searched pursuant to the search warrant and the narcotics were seized from that location; (ii) the defendant knows that Jeffries was arrested on drug charges on December 27, 1996; and (iii) while working in state court on an unrelated matter earlier this year, the defendant's attorney received information that Jeffries was a government informant. In addition, the defendant has cause to believe that Victor Jeffries received a favorable disposition on the charges brought against him arising out of the December 27, 1996 arrest.

## II. APPLICABLE LEGAL STANDARD

 The United States has a privilege of refusing to disclose the identity of its informants. See *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *United States v. Van Orsdell*, 521 F.2d 1323 (2d Cir.1975), cert. denied, 423 U.S. 1059, 96 S.Ct. 796, 46 L.Ed.2d 650 (1976). The rationale underlying the privilege was expressed in Rovario as follows:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and by preserving their anonymity, encourages them to perform that obligation.

353 U.S. at 59, 77 S.Ct. 623; see also *In re United States*, 565 F.2d 19, 21 (2d Cir.1977) ("[The informant privilege] is an ancient doctrine with its roots in the English common law .... founded upon the proposition that an informer may well suffer adverse effects from the disclosure of his identity."), cert. denied sub nom. *Bell v. Socialist Workers Party*, 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978).

 To overcome the privilege and compel disclosure of an informant's identity, a defendant must demonstrate that the informant's identity "is relevant and helpful to [his or her] defense ... or is essential to a fair determination of a cause." Roviaro, 353 U.S. at 60–61, 77 S.Ct. 623. The privilege must give way where nondisclosure could hamper the defendant's right to a fair trial, such as where the "informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir.1984). Thus, the extent of the informant's participation in the crime charged is a significant factor in deciding whether his or

1. See *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

her identity should be disclosed. For example, in Rovario, disclosure was required because the informant was the sole participant in the offense, having actually purchased the illicit narcotics·from the defendant. See 353 U.S. at 64–65, 77 S.Ct. 623. The Supreme Court, however, has instructed that there is "no fixed rule" regarding disclosure of informants. *Id.* at 62, 77 S.Ct. 623. Instead, courts must balance the public interest in protecting the flow of information against an individual's right to prepare his defense. See *id.*

▆▆ In view of the rationale underlying the privilege, a heavy burden is placed upon a defendant seeking disclosure of an informant's identity. A mere request for disclosure of an informant's identity is generally held to be insufficient. See *United States v. Mainello,* 345 F.Supp. 863, 881–82 (E.D.N.Y. 1972); see also *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974) (disclosure of informant's identity not permitted simply to allow a "fishing expedition"). Rather, a defendant must clearly articulate the grounds upon which he seeks disclosure of the informant's identity. See *United States v. Russ,* 362 F.2d 843 (2d Cir.), cert. denied, 385 U.S. 923, 87 S.Ct. 236, 17 L.Ed.2d 146 (1966). The defendant's burden "requires some demonstration that in the absence of such disclosure the defendant will be denied a fair trial." *United States v. Lilla,* 699 F.2d 99, 105 (2d Cir.1983).

### III. DISCUSSION

▆▆ Here, the defendant has met his burden of demonstrating that, in the absence of disclosure of whether Victor Jeffries is CI# 2, he will be denied a fair trial. He has clearly stated the grounds upon which he seeks disclosure. The defendant has submitted an affidavit to the court describing his defense and detailing his claims concerning the events occurring on the day of the search and Victor Jeffries' involvement. See Memo. Supp. Mot. Immediate Disclosure of Identity of Informants [doc. # 77] (Aff. of Herman Ham). The defendant contends that the narcotics seized from his garage at 1006 Quinnipiac Avenue, New Haven, Connecticut on January 10, 1997 pursuant to the search warrant were placed there not by the defendant but by Victor Jeffries. He further contends that Jeffries placed narcotics in Ham's garage in order to curry favor with law enforcement officials so he would receive lenient treatment in a pending criminal case relating to his own December 27, 1996 drug-related arrest. It is undisputed that CI# 2 knew the location of Ham's residence prior to the time of the search. The search warrant application, in relevant part, provides: "That on January 10, 1997 the affiants were contacted by CI# 2. CI# 2 at that time stated that he/she had been to Ham's Quinnipiac Avenue residence between the dates of January 6, 1996 and January 10, 1997 with a subject who picked up a several ounce quantity of cocaine from Ham." Search Warrant Aff. dated Jan. 10, 1997, at ¶ 7 (attached to doc. # 77). It is also undisputed that the defendant kept his garage unlocked during the relevant time period.

Thus, the defendant has identified "'the events to which [Victor Jeffries] might testify, and the relevance of those events to the crime charged.'" *United States v. Saa,* 859 F.2d 1067, 1074 (2d Cir.1988) (quoting *United States v. Valenzuela–Bernal,* 458 U.S. 858, 871, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982)), cert. denied, 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989). Under the defendant's theory, if CI# 2 is Jeffries, then CI# 2 was the essential participant in the instant offense, "playing a material role in bringing about the possession . . . [by] 'help[ing] to set up the commission of the crime.'" *United States v. Gonzalez,* 555 F.2d 308, 314 (2d Cir.1977) (quoting *Roviaro,* 353 U.S. at 61, 77 S.Ct. 623). Therefore, the testimony of CI# 2 would be more than just "relevant and helpful" to the defendant's defense, see *Roviaro,* 353 U.S. at 62, 77 S.Ct. 623; the testimony of CI# 2 would go to the essence of Ham's defense. See Def.'s Reply to Gov't Resp. to Def.'s Mot. Disclosure of Informants' Identity [doc. # 52], at 7 ("CI–2 is Mr. Ham's defense: CI–2 is the witness who must testify to exonerate the defendant.").

The fact that if Jeffries is CI# 2 then CI# 2 played, under the defendant's theory, a "pivotal role" in the alleged offense is a strong indicator that disclosure is appropri-

ate in this case. *United States v. Tenorio–Angel,* 756 F.2d 1505, 1511 (11th Cir.1985). "[T]he directness of the relationship between the defendant's asserted defense" and the testimony he seeks to elicit from the informant weighs heavily in favor of disclosure. *Id.*

It is immaterial that the evidence presented at trial will most likely consist of contradictory versions of events presented by the defendant and the government. This merely means that the credibility of Victor Jeffries will therefore be a central issue in the case. This is particularly true in a situation such as the one presented here where the defendant contends that he was framed by Jeffries—in such a case, it is undeniable that "[i]mpeachment of a witness can make the difference between acquittal and conviction." *United States v. Kiszewski,* 877 F.2d 210, 216 (2d Cir.1989) (citing *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)); see also *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (discussing the importance of disclosure of evidence affecting credibility, such as whether government witness was promised no future prosecution, when the reliability of that witness may well be determinative of guilt or innocence). To deprive the defendant of his ability to prove, in this way, his innocence of the offense with which he has been charged would deny the defendant his constitutional right to a fair trial. See *Lilla,* 699 F.2d at 105.

There is a second consideration weighing in favor of granting the defendant's motion as to CI# 2. Where the defendant already knows the identity of the confidential informant,

> although the confidential informant's privilege no longer exists ... the need for the informant's safety, the avoidance of jeopardizing other operations, or the defendant's ability to locate the informant himself, for example, may justify nondisclosure
> . . . .

*Tenorio–Angel,* 756 F.2d at 1510–11 (internal quotations and citation omitted). However, in such a case, the government is required to "set forth with particularity" its reasons for nondisclosure of the informant's identity and

whereabouts. *Id.* at 1511. The government's reasons are then to be balanced by the court against the defendant's right to prepare his defense. See *Roviaro,* 353 U.S. at 62, 77 S.Ct. 623. Such an approach is equally appropriate in a case such as this where the defendant believes he knows the identity of the confidential informant, has shown that he has a substantial basis for that belief, and seeks only confirmation that his conclusion is correct. If his conclusion is incorrect, the defendant seeks only be told that it is so; under that scenario he does not seek the identity of CI# 2.

Using this approach, the court concludes that the government has not met its burden of setting forth with particularity persuasive reasons for nondisclosure of whether Victor Jeffries is CI# 2. The government has made only a general argument that its reasons for declining to confirm whether Jeffries is CI# 2 are to encourage persons to come forward with information that can aid effective law enforcement and to protect an important method utilized by law enforcement to gather information. Under the circumstances of this case, however, reliance on the general principles underlying the privilege, without more, is not enough to sustain the government's position when balanced against the defendant's need for the information. Cf. *United States v. Aguirre,* 716 F.2d 293, 300 (5th Cir.1983) (held nondisclosure justified where government contended that the informant was involved in ongoing investigations and that disclosure of his whereabouts would endanger the investigation and jeopardize the informant's safety); see also *United States v. Smith,* 780 F.2d 1102, 1108 (4th Cir.1985). The privilege must give way to the extent sought here when the alleged confidential informant has played a pivotal role and the defendant has demonstrated that the alleged informant could provide probative support for his defense of innocence. See *Aguirre,* 716 F.2d at 300–01. Accordingly, the government is being ordered to disclose whether Victor Jeffries is CI# 2.

As noted above, it does not appear that the defendant is pursuing any claim that the identity of CI# 1 should be disclosed. In any event, however, he has not advanced for

72

the purpose of overcoming the informant's privilege any argument that would demonstrate that the identity of CI# 1 is "relevant and helpful" to his defense or "essential to a fair determination," *Roviaro*, 353 U.S. at 60–61, 77 S.Ct. 623, and since there is no claim that CI# 1 was a witness to or participant in the charged offense and the government has represented that CI# 1 will not be called as a witness at trial, see United States Resp. to Def.'s Mot. Disclosure of Informants' Identity [doc. # 42], at 10, it is not apparent how the privilege could be overcome with respect to CI# 1. Accordingly, the government is not being ordered to disclose the identity of CI# 1.

## IV. CONCLUSION

For the reasons set forth above, the defendant's Motion for Immediate Disclosure of Identity of Informants [doc. # 31] and Supplemental Motion to Compel Immediate Disclosure of Identity of Informants [doc. # 76–1] are hereby GRANTED in part and DENIED in part. The government shall disclose whether Victor Jeffries is Confidential Informant # 2.

It is so ordered.