Robert BAUMAN, et al., Plaintiffs,

v.

JACOBS SUCHARD, INC., Defendant.

No. 89 C 5452.

United States District Court,
N.D. Illinois, E.D.

Nov. 9, 1990.

Opinion on Motion for Reconsideration
Dec. 27, 1990.

John P. Rowe, Gordon Waldron, Jason Hegy, E.E.O.C., Chicago, Ill., for E.E.O.C.

Michael G. Cleveland, Edward C. Jepson, Carol Van Hal, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for Jacobs Suchard, Inc.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiffs claim defendant Jacobs Suchard, Inc., their former employer, discriminated against them because of their age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiffs are members of an "opt-in class," *see* 29 U.S.C. § 216(b),[1] and are represented by retained attorneys. The Equal Employment Opportunity Commission ("EEOC") was granted leave to intervene as a plaintiff. The EEOC has not exercised its right under § 626(c)(1) to foreclose the individual actions of the employees. In a separate lawsuit before another judge in this district, the EEOC has brought an

ADEA action against Jacobs Suchard on behalf of certain former employees of Jacobs Suchard, none of whom are plaintiffs in this case. *See EEOC v. Jacobs Suchard, Inc.,* 90 C 4609 (N.D.Ill.).

Presently before the court is defendant's motion to compel the EEOC to produce documents. The EEOC did not respond to the following two document requests:

> *Request No. 1:* Any letter(s), including but not limited to the letter dated May 2, 1990, sent from EEOC to current and former employees of Jacobs Suchard, Inc.

> *Request No. 3:* Any documents received from current and former employees in response to letter(s) referred to in Request No. 1, above, including but not limited to any questionnaire form which may have accompanied the letter(s).

The letters in dispute were questionnaires sent to former employees of Jacobs Suchard who are not plaintiffs in the present suit. Persons who responded indicating they wanted to be represented by the EEOC are the ones for whom suit was brought in 90 C 4609. The EEOC claims these documents are protected by the attorney-client privilege and the work product doctrine. Defendant contends there is no attorney-client relationship between the EEOC and the persons who received the letters.

■ The right of any person to bring suit under the ADEA is terminated when a suit is brought by the EEOC. 29 U.S.C. § 626(c)(1). *See also id.* § 216(b), (c). The EEOC is then authorized to receive damages on behalf of the individual employees and the employees are precluded from bringing any subsequent suit. *Id.* § 216(c). While there does not appear to be any formal attorney-client relationship, the EEOC, through its attorneys, are essentially acting as *de facto* counsel for the employees. *Cf. Donovan v. Teamsters Union Local 25,* 103 F.R.D. 550, 552 (D.Mass. 1984). There is no sound reason why em-

---

**1.** Section 626(b) of Title 29 makes certain provisions of the Fair Labor Standards Act, including § 216(b), applicable to ADEA claims.

ployers in such cases should have available the protection of the attorney-client privilege whereas employees would not. Communications between the EEOC attorneys and the employees represented in ADEA cases brought by the EEOC are privileged.

■ Defendant argues that, even if a privilege exists, it does not apply to the communications in dispute since those communications occurred well before the filing of 90 C 4609. Defendant's own citations, however, state the rule applies to "communication . . . for the purpose of securing primarily . . . legal services or assistance in some legal proceeding." *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358 (D.Mass.1950). *Accord Westinghouse Electric Corp. v. Kerr–McGee Corp.*, 580 F.2d 1311, 1319 & n. 12 (7th Cir.), *cert. denied*, 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (1978) ("fiduciary relationship existing between lawyer and client extends to preliminary consultation by a prospective client with a view to retention of the lawyer, although actual employment does not result"). The communications with the potential plaintiffs were privileged even though the EEOC had not yet filed 90 C 4609 at the time the communications occurred.

■ Josef Kaspar, one of the plaintiffs in this action and therefore not a plaintiff represented by the EEOC in 90 C 4609, responded to a questionnaire sent by an EEOC attorney to another employee of defendant. Defendant argues that response is not protected by the privilege. In this case, however, the EEOC and the other plaintiffs, including Kaspar, are aligned together. The privilege applies to communications between a party and the attorney for a co-litigant. *United States v. McPartlin*, 595 F.2d 1321, 1336–37 (7th Cir.), *cert. denied*, 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979); *Leybold–Heraeus Technologies, Inc. v. Midwest Instrument Co.*, 118 F.R.D. 609, 613 (E.D.Wis.1987); *Waller v. Financial Corp. of America*, 828 F.2d 579, 583 & n. 7 (9th Cir.1987).

Defendant also claims that any privilege that applied to the questionnaire response

of Agnes Nelson, an employee involved in 90 C 4609, was waived when she revealed it in her deposition taken as part of this case. The EEOC argues it was an inadvertent disclosure resulting from the EEOC attorney not attending the deposition to represent her. That does not constitute an inadvertent disclosure. *See generally Stewart v. General Motors Corp.* No. 86 C 4741, 1988 WL 6927 (N.D.Ill. Jan. 26, 1988). If defendant has not already retained a copy of the questionnaire revealed at the deposition, the EEOC shall provide a copy to defendant.

IT IS THEREFORE ORDERED that defendant's motion to compel production of documents by EEOC is granted in part and denied in part. Within 5 days of the date of this order, the EEOC shall provide defendant with a copy of the May 2, 1990 questionnaire of Agnes Nelson.

ON MOTION FOR RECONSIDERATION

On November 9, 1990, this court denied in part defendant's motion to compel production of certain documents. Over a month later, defendant's move for reconsideration of that ruling. For the following reasons, that motion is denied.

The November 9 ruling held that questionnaires returned to the EEOC by prospective claimants in an age discrimination suit were protected by a *de facto* attorney-client privilege. Those claimants are not involved in this case. They are the persons the EEOC brought suit on behalf of in another case pending in this district against Jacobs Suchard, Inc., which is also the defendant employer in the present case. Suchard argued that no attorney-client privilege or work product immunity applied because the EEOC was not the claimants' attorneys. This court found that the EEOC was the claimants' *de facto* attorneys and that a privilege equivalent to the attorney-client privilege should apply. The EEOC, however, was required to produce the questionnaire of one claimant because the privilege had been waived as to that questionnaire. Having seen this questionnaire, Suchard now raises additional argu-

ments, some based on information gleaned from seeing the actual questionnaire.

■ Defendant argues there was no attorney communication because the questionnaire was sent out by and responses were to be directed to an EEOC investigator. The privilege, however, extends to communications by agents of attorneys. *See generally* C.A. Wright & K. Graham, *Federal Practice & Procedure* § 5483 (1986). While not all activities that an EEOC investigator participates in are necessarily privileged, here the investigator was handling the administrative task of sending out a questionnaire after it was already determined that a lawsuit would be brought. Most importantly, the primary purpose of the letter was to ask the claimants if they desired to be represented by the EEOC. Only those who desired to be represented were asked to complete the questionnaire. The communication was one between a legal representative and *de facto* clients.

Defendant also argues that the letter does not ask the claimants if they wish to be represented by the EEOC. The letter states:

> The purpose of this notice is to ask you if you wish the Commission to seek relief on your behalf. The Commission does not charge a fee for such services.
>
> If you wish the Commission to seek relief on your behalf, please complete and return the enclosed questionnaire. . . .
>
> If you do not wish the EEOC to seek relief on you [sic] behalf, please sign the bottom half of this letter and return it to me.

Although the word represent is not used, it is clear that the EEOC was offering to represent the claimants.

Defendant also argues the communication was not intended to be confidential. This is a factual issue that could have been raised when this dispute first occurred. Obtaining a copy of the questionnaire was not necessary for defendant to have knowledge to raise the issue. Defendant will not be permitted to raise this new issue at this late time.

■ Finally, defendant argues this court has improperly denied access to certain facts. It is true that only the communications and advice given are privileged; the facts communicated are still discoverable if otherwise the proper subject of discovery. *Sedco International, S.A. v. Cory,* 683 F.2d 1201, 1205 (8th Cir.), *cert. denied,* 459 U.S. 1017, 103 S.Ct. 379, 74 L.Ed.2d 512 (1982). The November 9 ruling, however, in no way held that the facts themselves were not discoverable. Pending before the court was a motion to compel production of documents. As stated by defendant in its reply, "the only issues remaining for determination are: (1) whether there exists an attorney-client relationship between EEOC's attorneys and the former employees of Defendant whom the agency contacted, such that the requested documents are subject to a claim of attorney-client privilege; and (2) whether the requested documents constitute attorney work-product, thereby qualifiedly protecting them from disclosure." Thus, all that was before the court was the question of whether the documents were discoverable and that is all the court ruled upon. Since the question of providing the facts was not initially before the court and since defendant still does not point to any pending discovery request regarding such facts that has not been answered, defendant's alternative request that the EEOC be ordered to provide such facts will not be granted. There is also no sufficient basis for certifying any question for appeal pursuant to 28 U.S.C. § 1292(b), that request being made on the mistaken understanding that there had been a ruling on the discovery of certain facts, not just a ruling on discovery of certain documents.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration of this court's November 9, 1990 order or, in the alternative, to certify the issue for appeal is denied.