948 F.Supp. 54 (1996)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
v.
McDONNELL DOUGLAS CORPORATION, Defendant.
No. 4:95 cv 01414 SNL.
United States District Court, E.D. Missouri, Eastern Division.
December 12, 1996.
Robert G. Johnson, C. Felix Miller, Jr., S. Robert Royal, Supervising Trial Atty., Alice M. Craft, E.E.O.C., St. Louis, MO, for plaintiff.
Michael P. Burke, Thomas E. Wack, Ann B. Davis, Bryan Cave, St. Louis, MO, for defendant.

ORDER
LIMBAUGH, Senior District Judge.
This matter is before the Court on the Plaintiff's Motion for a Protective Order (# 28). The Plaintiff wants to prohibit the Defendant from directly communicating settlement offers to the aggrieved parties for whom the Plaintiff is seeking relief. The Plaintiff contends that it is the aggrieved parties' de facto counsel. See EEOC v. HBE Corp. d/b/a Adam's Mark Hotel, 64 Fair Empl.Prac.Cas. (BNA) 1518, 1994 WL 376273 (E.D.Mo.1994) (finding communications between the EEOC and the aggrieved parties for whom it is seeking relief subject to the attorney-client privilege); Bauman v. Jacobs Suchard, Inc., 136 F.R.D. 460, 461 (N.D.Ill.1990) (same). Accordingly, it argues that the Defendant's direct communications are unethical and improper under Rule 4.2 of *55 the Missouri Supreme Court Rules of Professional Conduct and Disciplinary Rule 7-104 of the Model Code of Professional Responsibility.
The Defendant maintains that the communications were initiated by its business executives, not its attorneys. It argues that nothing in the rules of professional conduct prohibits one party to a litigation from making direct contact with another party to the same litigation. Finally, it contends that allowing these communications furthers the public policy in favor of the voluntary settlement of employment discrimination disputes.
The Court notes that the Defendant has agreed not to communicate directly with the aggrieved parties who have filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[1] Accordingly, the only issue before the Court is whether the Defendant should be allowed to communicate directly with those former employees who never filed a charge of discrimination and have not otherwise sought the EEOC's representation.
Upon review of the rules of professional conduct, the Court concludes that there is nothing that prohibits one party to a litigation from making direct contact with another party to the same litigation. See e.g., Missouri Supreme Court Rules of Professional Conduct Rule 4.2 cmt. ("... parties to a matter may communicate directly with each other...."). These rules are designed to regulate the conduct of lawyers, and simply do not apply to the conduct of nonlawyers. Massiah v. United States, 377 U.S. 201, 210-11, 84 S.Ct. 1199, 1205-06, 12 L.Ed.2d 246 (1964) (White, J., dissenting). Therefore, since the only evidence before the Court indicates that the direct communications were initiated by the Defendant, and not by its attorneys, the Court concludes that these communications are permissible under the rules of professional conduct.
Nevertheless, numerous courts have prohibited the defendant, and its attorneys, from directly communicating with aggrieved parties in the class-action context. See e.g., Kleiner v. First National Bank of Atlanta, 751 F.2d 1193, 1206-07 (11th Cir.1985); In re Federal Skywalk Cases, 97 F.R.D. 370, 376-77 (W.D.Mo.1983). These decisions are grounded not in the rules of professional conduct, but in Rule 23(d) of the Federal Rules of Civil Procedure. The Court, however, finds these cases distinguishable.
Unlike a class-action plaintiff, the EEOC does not sue in a representative capacity. General Telephone Co. v. EEOC, 446 U.S. 318, 327-29, 100 S.Ct. 1698, 1704-06, 64 L.Ed.2d 319 (1980). To the contrary, it sues on its own authority to vindicate the public interest. Id. In fact, the United States Supreme Court has stated that Rule 23 does not apply to "pattern-or-practice" suits brought by the EEOC. Id. Moreover, as stated above, these former employees never filed a charge of discrimination and have not otherwise sought the EEOC's representation. Accordingly, they are markedly dissimilar from Rule 23 class members who must affirmatively seek class participation and representation.
Even if Rule 23 did apply, the communications at issue would not warrant a protective order. See Great Rivers Co-op v. Farmland Industries, Inc., 59 F.3d 764, 766 (8th Cir. 1995) ("[i]n a class-action lawsuit, a district court may not order restraints on speech under Fed.R.Civ.P. 23(d) except when justified by actual or threatened misconduct of a serious nature."). Although the communications adamantly protest the Defendant's innocence and speculate as to the EEOC's ultimate chance of success, they are not misleading or unduly coercive. Instead, the communications contain pertinent and accurate information that may assist the aggrieved parties in deciding whether to accept the Defendant's settlement offer.
Therefore, because the EEOC is acting on its authority and not as the aggrieved parties' chosen representative, the Court concludes that the former employees who never filed a charge of discrimination and have not otherwise sought the EEOC's representation are entitled to all relevant information that *56 may assist them in deciding whether to accept the Defendant's settlement offer.
Accordingly,
IT IS HEREBY ORDERED that the Plaintiff's Motion for a Protective Order (# 28) is DENIED.
NOTES
[1] The Defendant maintains that only 129 of the 431 former employees for whom the EEOC is seeking relief ever filed a charge of discrimination. The Plaintiff has not refuted this assertion.