# UNITED STATES BANKRUPTCY APPELLATE PANEL

FOR THE EIGHTH CIRCUIT

---

No. 97-6058 SI

---

In re:                                            *
                                                  *
MICHAEL E. HURLEY,  JAMIE D. HURLEY               *
                                                  *
                   Debtors.                       *
                                                  *
GREENWOOD TRUST COMPANY and       *
DISCOVER CARD SERVICES, INC.,                     *       APPEAL FROM THE UNITED
                                                  *       STATES BANKRUPTCY COURT
                   Appellants,                    *       SOUTHERN DISTRICT
                                                  *       OF IOWA
                                                  *
v.                                                *
                                                  *
MICHAEL EDWARD HURLEY,                            *
                                                  *
                   Appellee.                      *

---

Submitted: November 28, 1997
 Filed:  December 19, 1997

---

Before KRESSEL, SCHERMER and DREHER, Bankruptcy Judges

SCHERMER, Bankruptcy Judge:

This is the second appeal by Greenwood Trust Company and Discover Card Services, Inc. ("Discover Card") of a bankruptcy court's determination that Discover Card's practice of sending an informational copy of a reaffirmation proposal directly to a debtor who is represented by counsel violated Iowa's Consumer Credit Code.

Consistent with this Court's decision in <u>Greenwood Trust Co. v. Smith</u>, 212 B.R. 599 (B.A.P. 8th Cir. 1997) (<u>Greenwood I</u>), we affirm the bankruptcy court[1] decision holding that the practice violated Iowa's Consumer Credit Code. We reverse in part, however, that portion of the bankruptcy court's decision which held that Discover Card's practice also was unethical and violated the ABA Code of Professional Responsibility and the ABA Rules of Professional Conduct.

The issues on appeal raise only questions of law which we review de novo. <u>Kunkel v. Sprague Nat'l Bank</u>, 128 F.3d 636, 641 (8th Cir. 1997), <u>First Nat'l Bank of Olathe Kansas v. Pontow</u>, 111 F.3d 604, 609 (8th Cir. 1997). In <u>Greenwood I</u>, this Court held that Discover Card's reaffirmation practice constituted a prohibited communication as an "attempt to collect a debt" within the context of Iowa Consumer Credit Code § 537.7103(5)(e). We also held that no theory of federal preemption permitted the practice which violated Iowa law.

In this appeal, Discover Card again asserts that the lower court erred because (1) initiating the reaffirmation process through communication with a debtor is not an attempt to collect a debt; and (2) even if such contact is an attempt to collect a debt, any state law that would impede or interfere with a creditor's chosen method of pursuing reaffirmation agreements is pre-empted by the Bankruptcy Code. In <u>Greenwood I</u>, this Court considered and rejected both of these arguments. We are bound by our decision in that proceeding. <u>Luedtke v. NationsBanc Mortgage Corp.</u> (<u>In</u>

---

[1] The Honorable Russell J. Hill, Chief Judge, United States Bankruptcy Court for the Southern District of Iowa.

2

re Luedtke), Case No. 97-6095MN, slip op. at 2, (B.A.P. 8th Cir. Dec. 12, 1997).

See also Ball v. Payco-General Am. Credits, Inc. (In re Ball), 185 B.R.

595, 597 (B.A.P. 9th Cir. 1995) (holding that the Ninth Circuit Bankruptcy Appellate Panel is bound by prior rulings of the panel unless a decision of the Ninth Circuit Court of Appeals, the Supreme Court or action by the state legislature has undermined those decisions). Based upon the precedent of Greenwood I, we affirm the bankruptcy court's determination that the practice violated Iowa Consumer Credit Code § 537.7103(5)(e) and that preemption does not apply.

Discover Card raises one new issue in this appeal. Discover Card asserts that the court erred in concluding that Discover Card acted unethically and violated DR 7-104(A)(1) of the ABA Code of Professional Responsibility by communicating directly with the debtor.[2] By order of the Iowa Supreme Court, the ABA Code of Professional Responsibility and its Disciplinary Rules, with some modifications not significant here, govern the ethics of the practice of law in the state of Iowa. Disciplinary Rule 7-104(A)(1) of Iowa's Code restricts attorney communication with a party known to be represented by counsel.[3] By its express terms, DR 7-104(A)(1) applies only to

---

[2] The bankruptcy court found Discover Card's conduct violated the ABA Model Code of Professional Responsibility for Lawyers, as well as, the ABA Model Rules of Professional Conduct and Disciplinary Rule 7-104 (A)(1). On October 4, 1971, Iowa adopted the Code of Professional Conduct for Lawyers, including the Disciplinary Rules, which are together codified at Iowa Code Ann. Ch. 602, App. (West 1996), and referred to herein as "Iowa's Code."

[3] DR 7-104(A)(1) states: Communicating With One of Adverse Interest.
  (A)   During the course of representing a client *a lawyer shall not:*
        (1)   Communicate or cause another to communicate on the subject of the representation with a party known to be represented by a lawyer in that matter except with the prior consent of the lawyer representing such other party or as authorized by law.
Iowa Code Ann. Ch. 602, App. DR 7-104, Code of Prof. Resp., (1996) (emphasis

3

attorneys.  See also E.E.O.C. v. McDonnell Douglas Corp., 948 F.Supp. 54 (E.D. Mo. 1996) (holding that Missouri Supreme Court Rules of Professional Conduct do not apply to non-lawyers).  In this case, the record reflects that Discover Card's bankruptcy unit sent the disputed correspondence to debtor's counsel with a copy to the debtor.  There is no evidence that in so doing, Discover Card acted through or at the direction of an attorney. Thus, there is no evidence that Iowa's Code of Professional Responsibility and it Disciplinary Rules should apply to Discover Card's practice.  One of the purposes of the ethical rules restricting attorney contact with represented parties is to protect persons from "the danger that 'unprincipled attorneys' might 'exploit the disparity in legal skills between attorneys and lay people' . . . ." Terra Int'l. Inc. v. Mississippi Chem. Corp., 913 F.Supp. 1306, 1314 (N.D. Iowa 1996) quoting Cram v. Lamson & Sessions Co., 148 F.R.D. 259, 260 (S.D. Iowa 1993).  Such purpose is not served unless an attorney is involved.[4]

Because there is no evidence that Discover Card acted through an attorney when it communicated directly with the debtor, we hold that the bankruptcy court erred in applying the Code of Professional Responsibility to Discover Card's conduct.  Thus,

added).

[4] Had Discover Card acted through or at the direction of an attorney, it would be the attorney who would be bound by any rules and code of professional conduct.

we reverse the bankruptcy court holding that Discover Card's conduct violated DR 7-104(A)(1) of the Code of **Professional Responsibility**.[5]

Accordingly, for the foregoing reasons, we affirm, in part, and reverse, in part, the decision of the bankruptcy court.

A true copy.

Attest:

Clerk, U.S. Bankruptcy Appellate Panel for the Eighth Circuit

---

[5] The bankruptcy court also held that such conduct violated the ABA Rules of Professional Conduct. Rule 4.2 of the ABA Rules of Professional Conduct governs communications with persons represented by counsel. This rule, while not adopted in Iowa, is similar to DR 7-104(A)(1) and likewise does not apply to non-lawyer conduct.